## Hanson's Appeal.

PER CURIAM, March 24, 1938.

Petitioner who is married desired the Board of Law Examiners to issue to her a certificate recommending

admission to this Court in her maiden name so that she may practice law with all its attendant circumstances in that name though using her married name while living with her husband. The Board refused to issue the certificate as requested but instead issued a certificate to her in the name of Marjorie Hanson, now Marjorie Matson. She claims that the action of the Board deprives her of the right to her maiden name which would constitute a deprivation of property without due process of law and a denial of the equal protection of the law. We recognize the common law rule that a married woman may use her maiden name for many purposes,[1] particularly after divorce.[2] But in regard to the practice of law we agree with the conclusion of the Board. We said in *Montgomery County Bar Assn. v. Rinalducci*, 329 Pa. 296, 197 A. 924, that the Court before whom the attorney practices has the undoubted power to formulate such rules as it sees fit to discipline, disbar or admit persons to practice. This Court, of course, has that same power as do the various courts of record of this Commonwealth and if the petitioner desires to practice law before this Court or any of the courts of this Commonwealth, she must do so in the form prescribed by the Board of Law Examiners, as approved by this Court.

The prayer of the petition is refused.

---

[1] *Bogart v. Woodruff*, 96 Cal. 609; *Pooler v. Hyne*, 213 Fed. 154 (cert. denied, 238 U. S. 620); *Lane v. Duchac*, 73 Wis. 646; and see *Cowley v. Cowley* [1901] A. C. 450; *State ex rel. Thompson v. School Directors*, 179 Wis. 284.

[2] *Reinken v. Reinken*, 351 Ill. 409, 413; *Rich v. Mayer*, 7 N. Y. S. 69; *Capel v. Powell*, 17 C. B. (N. S.) 744, 748, 144 Eng. Rep. 298.