## In re Kramer

*Phillips & Phillips*, for petitioner.

CRUMLISH, J., December 10, 1947.—Petitioner has presented a petition for leave to file notice of intention to resume maiden name.

Petitioner alleges that she is a citizen of Pennsylvania, and that she has been a resident of this city since birth, that on August 16, 1943, she intermarried with one William A. Kramer, Jr., in Florida; and that at that time the said Kramer was a citizen of the State of Tennessee and both were members of the armed

forces of the United States; that upon their respective discharges from the armed forces, petitioner returned to her home in Philadelphia and Kramer to his home in Tennessee, and that they "have never, at any time, lived and cohabited together at any place", since their respective discharges, that as of October term, 1946, the said Kramer instituted an action for divorce in the County Court of Tennessee and prosecuted it to "a final decree perpetually dissolving the bonds of matrimony subsisting between the parties . . . on December 17, 1946"; that petitioner was not represented in the proceedings and the only notice thereof to her "was a clipping of an advertisement relating to the granting of the final decree", and that, notwithstanding, petitioner "is willing to treat the aforesaid decree in divorce as valid and binding on her"; that she is desirous of resuming her maiden name, and prays "for leave to file notice of intention to resume her maiden name, to wit, Rebecca Graham Craig with the same force and effect as though the aforesaid action in divorce had been instituted in the Commonwealth of Pennsylvania, pursuant to the provisions of the Act of May 25, 1939, P. L. 192".

The petition presents a most extraordinary situation. Petitioner seeks the benefit of the Act of May 25, 1939, P. L. 192, sec. 1, 23 PS §98, (which provides: "It shall be lawful for any woman who has heretofore been or shall hereafter be divorced from the bonds of matrimony to retake and thereafter assume her maiden name. Every such woman who elects to resume her maiden name shall file a written notice avowing such intention in the office of the prothonotary of the court in which such decree of divorce was entered, showing the caption and number and term of the proceeding in divorce, and duly acknowledged before a notary public. A copy of the instrument so filed, duly certified by the prothonotary, shall be competent evidence for all purposes of the right and duty of such woman to use

such maiden name thereafter"), and relies upon a decree of absolute divorce obtained in a foreign jurisdiction under circumstances which throw doubt upon the validity thereof.

No extended discussion is required to support our conclusion that the petition must be dismissed for want of jurisdiction. Although the first sentence of section 1 of the Act of 1939, supra, could be said to give a first impression that it applied in a case where the divorce was granted in another jurisdiction, nevertheless, a reading of the balance of the section clearly indicates that the act applies only in cases where the divorce proceedings were instituted in Pennsylvania.

Petitioner's counsel reached this conclusion and so advised the petitioner, but nevertheless she insisted upon attempting to bring herself within the provisions of the Act of 1939, supra. To do this, counsel adroitly resorted to this petition "for leave to file notice of intention to resume maiden name". The act under consideration makes no provision for such a petition; all that is required is the filing of a written notice of intention "in the office of the prothonotary of the court in which such decree of divorce was entered, showing the caption and number and term of the proceeding in divorce and duly acknowledged before a notary public". The petition before us has no standing whatsoever. When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used: Act of March 21, 1806, P. L. 558, sec. 13, 46 PS §156; Derry Township School District v. Barnett Coal Co. et al., 332 Pa. 174, 177 (1938).

Although this petition must be dismissed, petitioner's right to resume her maiden name is not foreclosed. In Hanson's Appeal, 330 Pa. 390, 391 (1938), in a per curiam opinion, it was held: "We recognize the common law rule that a married woman may use her maiden name for many purposes, particularly after

divorce." If, as counsel has represented to us, petitioner prefers and insists upon resuming her maiden name in compliance with statutory provisions, a method is provided by the Act of April 18, 1923, P. L. 75, 54 PS §1 et seq. See Falcucci Name Case, 355 Pa. 588 (1947).