547 A.2d 350

**ATTORNEY T., Petitioner,**

**v.**

**OFFICE OF DISCIPLINARY COUNSEL OF PENNSYLVANIA, Respondent.**

Supreme Court of Pennsylvania.

Argued April 11, 1988.

Decided Aug. 10, 1988.

Samuel C. Stratton, Westchester, Pa., for petitioner.

James Patrick Leonard, Philadelphia Asst. Disc. Counsel, for Disciplinary Bd.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

On March 18, 1988, Petitioner, Attorney T., filed the Petition now before us in which she requests this Court to exercise our extraordinary jurisdiction pursuant to 42 Pa. C.S. § 726 [1] and our King's Bench Powers by granting a "temporary restraining order" [2] to prevent the Office of Disciplinary Counsel of Pennsylvania from revealing the content of her disciplinary file to the New Jersey disciplinary authorities. Petitioner contends that since her pending disciplinary matters have not been adjudicated, and do not fall into any of the exceptions to the requirement of confidentiality in disciplinary proceedings of Pa.R.D.E. 402,

---

1. Act of July 9, 1976, P.L. 586, No. 142, § 2, effective June 27, 1978. *See also, McLaughlin v. Philadelphia Newspapers, Inc.,* 465 Pa. 104, 348 A.2d 376 (1975).

2. "Temporary restraining orders" are provided for in the Federal Rules of Civil Procedure, Fed.R.Civ.P. 65(b), but are not cognizable under our Pennsylvania Rules of Civil Procedure. The proper request under our rules would be a prayer for an injunction, Pa.R.C.P. 1531.

the information within her file is privileged and not subject to disclosure to other jurisdictions' disciplinary authorities until and unless public discipline is imposed.[3]   Disciplinary Counsel, on the other hand, contends that Pa.R.D.E. 402 not only *does not* prohibit the transfer of this information, but, in fact, Disciplinary Counsel is obliged to provide the information to the Office of Attorney Ethics for the Supreme Court of New Jersey pursuant to the Code of Professional Responsibility, DR 1–103(B).

In determining whether an injunction should be granted, we must consider the questions of whether Disciplinary Counsel is barred by Pa.R.D.E. 402 and applicable law regarding confidentiality of disciplinary proceedings from providing information and/or evidence of attorney misconduct in Pennsylvania or in other jurisdictions to the appropriate disciplinary authorities in such other jurisdictions prior to a final determination by this Court that the attorney has engaged in misconduct in Pennsylvania sufficient to warrant public discipline;  and whether Pa.R.D.E. 402 impliedly converts all information/evidence of attorney misconduct wherever committed into privileged materials for purposes of DR 1–103(A) and (B).   Disciplinary Counsel has also filed a Petition to Compel Medical Examination under Pa.R.D.E. 301(d) against Petitioner requesting that this Court order an independent medical examination to establish her present capacity to practice law in this jurisdiction.[4]

The facts underlying the instant petition are as follows: Petitioner is licensed to practice law in both Pennsylvania and New Jersey and is currently the subject of a Petition

3.   We note that a Petition for Discipline, which was filed on October 23, 1987, by the Office of Disciplinary Counsel with the Disciplinary Board for the purpose of appointing a Hearing Committee to hear testimony and receive evidence and to make findings and recommendations for disciplinary action, is still pending.   (No. 81 DB 87, *Disciplinary Counsel v. Attorney T.*).

4.   By Per Curiam Order dated April 11, 1988, we ordered that the Disciplinary Board appoint a qualified medical expert or experts to examine Attorney T. to determine her capacity to practice law in this jurisdiction;  that Attorney T. submit to such examination;  and that the Disciplinary Board shall prepare a Report and Recommendation to the Court following the examination.

for Discipline filed by Disciplinary Counsel alleging viola-
tions of several Disciplinary Rules of the Code of Profes-
sional Responsibility. None of the matters have yet been
adjudicated by the Disciplinary Board of the Supreme Court
of Pennsylvania (Board) and there has been no recommen-
dation of discipline by the Board to this Court. During the
course of the disciplinary investigation, and based on com-
plaints filed by Petitioner's Pennsylvania clients, Discipli-
nary Counsel discovered evidence indicating that Petitioner
had co-mingled and possibly misappropriated the funds of
Pennsylvania clients and at least one New Jersey client in
violation of various Pennsylvania and New Jersey discipli-
nary rules.

The New Jersey Office of Attorney Ethics has requested
that the Office of Disciplinary Counsel provide it with "any
information" it may possess concerning Petitioner. This
request was predicated on a pending disciplinary matter in
that jurisdiction involving New Jersey clients, in which the
New Jersey Supreme Court entered an order placing Peti-
tioner on temporary disability inactive status in New Jer-
sey. This transfer to inactive status was based upon al-
leged physical and emotional difficulties and is to continue
pending the final resolution of the ethics proceeding. The
issue of Petitioner's capacity to practice law has been linked
by her psychiatrist to injuries she received in an automobile
accident and complications therefrom which have placed her
in an exhausted mental state. Disciplinary Counsel has
indicated its intent to make disclosure of the evidence it
possesses relative to Petitioner's misconduct in the repre-
sentation of the New Jersey client and relative to her
previous statements concerning her medical condition claim-
ing that it is obligated to do so by Pennsylvania DR
1–103(B). Petitioner objected to such disclosure and filed
the instant petition with this Court on March 18, 1988.
Disciplinary Counsel replied in writing the same day and
arguments were held on the motion before Mr. Justice
McDermott on March 25, 1988. At that proceeding, Disci-
plinary Counsel agreed to preserve the confidentiality of
Petitioner's records pending a ruling by the full Court.

■ The confidentialtiy of attorney disciplinary proceedings is well established and serves a vital function in assisting legitimate governmental processes. *McLaughlin v. Philadelphia Newspapers, Inc.*, 465 Pa. 104, 348 A.2d 376 (1975). *McLaughlin* involved an action brought by a newspaper to vacate an impoundment order with respect to disciplinary proceedings regarding a private attorney who was later appointed to public office. The newspaper sought permission to have its personnel inspect and photograph records of the disciplinary proceeding. This Court held that it was not a violation of freedom of the press to deny the newspaper access to court records of disciplinary proceedings concerning matters which were non-criminal and non-governmental in nature, where the proceedings were conducted with the expectation of all concerned that unless public discipline were imposed the proceedings would remain confidential. An impoundment order was in accordance with standard practice and the lawyer involved desired that confidentiality be maintained. *Id.*, 465 Pa. at 117–118, 348 A.2d 382–383.

The *McLaughlin* Court explained the rationale for confidentiality in disciplinary proceedings as required by Pennsylvania Rule of Disciplinary Enforcement 17–23, which was amended and redesignated as Pa.R.D.E. 402:

This rule, declaratory of prior practice in Pennsylvania, reflects the considered judgment that there is nothing to be gained and much to be lost, where an attorney's reputation and livelihood are concerned, by opening to the public the record of proceedings concerning allegations of professional misconduct which are ultimately found to be groundless. Additionally, even where the charges brought against a lawyer have merit, it is often the case that the misconduct demands discipline of no greater magnitude than private reprimand. As a primary objective of such a minor penalty is the rehabilitation of the lawyer (in addition, of course, to the protection of the public interest), confidentiality may be considered essential to ensure that rehabilitative efforts are not thwarted

by disclosures which may be prejudicial. Thus, when McLaughlin as a private practitioner appeared before the court of common pleas to answer allegations of a non-criminal nature concerning his private practice, he did so with the expectation, fully warranted, that unless public discipline were imposed, i.e. public censure, suspension or disbarment, the proceedings would remain confidential.

*Id.*, 465 Pa. at 112, 348 A.2d at 381 (footnote omitted).

■ There are specific exceptions to confidentiality set forth in Rule 402(a) which provides:

### Rule 402. Confidentiality

(a) All proceedings involving allegations of misconduct by or disability of an attorney shall be kept confidential until or unless:

(1) the Supreme Court enters its order for the imposition of public discipline,

(2) the respondent-attorney requests that the matter be public, or waives confidentiality for a particular purpose specified in writing,

(3) the investigation is predicated upon a conviction of the respondent-attorney for a crime, or,

(4) in matters involving alleged disability, the Supreme Court enters its order transferring the respondent-attorney to inactive status pursuant to Enforcement Rule 301 (relating to proceedings where an attorney is declared to be incompetent or is alleged to be incapacitated.)

*Accord,* N.J.R. § 1:20–10;[5] A.B.A. Standards Relating to

---

5. N.J.R. § 1:20–10 provides in relevant part:

**1:20–10 Confidentiality**

(a) All proceedings conducted and records made pursuant to R. 1:20 shall be confidential and shall not be disclosed to or attended by anyone except as authorized by these rules or as provided by the Supreme Court and as follows:

(1) on the scheduling of oral argument for final discipline by the Supreme Court, in which event the recommendation of the Board that is the subject thereof, together with any briefs filed pursuant to an order of the court, shall be made public; or

(2) at the request of or with the consent of the respondent and upon the ultimate determination of any disciplinary proceeding; or

Lawyer Discipline and Disability 3.15 and 8.24.[6] Petitioner takes the position that none of the exceptions in the Pennsylvania or New Jersey rules nor the A.B.A. standards permit disclosure of otherwise confidential unadjudicated information or evidence to the attorney disciplinary authorities of other jurisdictions. Petitioner argues that both the Pennsylvania and New Jersey rules on confidentiality make all information received by the Office of Disciplinary Counsel, in that capacity, privileged and confidential and, there-

(3) on the entry of final orders of the Supreme Court in respect of disciplinary matters; or

(4) upon the order of the Supreme Court.

(b) When the ethics proceeding is based upon conviction of a crime or the formal institution of criminal proceedings, or when the proceeding is based upon allegations that have become generally known to the public, the Director may disclose the pendency of the proceedings.

(c) Whenever an attorney-at-law has been temporarily suspended from the practice of law, the Director may refer such order together with all documentary information underlying such action to other disciplinary authorities where the respondent is known to be admitted to the practice of law. Such transmittal shall be accompanied by a directive that the information submitted remain confidential and be utilized solely for disciplinary purposes in that jurisdiction.

. . . . .

6. A.B.A. Standard 3.15 provides:

*Exchange of Information with Other Agencies—Confidential Information.* Information regarding matters that are not public should be available only to agencies authorized by the court to receive such information and only if:

(a) the disclosure is made in furtherance of an ongoing investigation into misconduct of the respondent; or

(b) the respondent authorized the disclosure after inspecting the information to be released, if he requests that opportunity; or

(c) the respondent has been furnished a copy of the information proposed to be disclosed and has had a reasonable opportunity to seek to prevent disclosure.

A.B.A. Standard 8.24 provides:

*Proceedings Normally Not Public Until Filing and Service of Formal Charges.* Prior to the filing and service of formal charges, the proceeding should be confidential, except that the pendency, subject matter, and status of an investigation may be disclosed if:

(a) the respondent has waived confidentiality;

(b) the proceeding is based upon conviction of a crime;

(c) the proceeding is based upon allegations that have become generally known to the public.

fore, not within the purview of DR 1–103,[7] which requires disclosure of *unprivileged* information to the proper authorities.

Disciplinary Counsel's response to this argument is that Pa.R.D.E. 402 was intended to protect respondent-attorneys from unwarranted harm to their professional reputation as a result of frivolous complaints and the subsequent investigation of such matters by the Office of Disciplinary Counsel, and not as a mechanism to shield attorney misconduct from appropriate disciplinary authorities. Disciplinary Counsel further argues that it is the obligation of each Disciplinary Counsel, as a member of the Pennsylvania Bar, to abide by the Disciplinary Rules of the Code of Professional Responsibility, specifically DR 1–103(A) and (B). We do not agree with Disciplinary Counsel's interpretation.

Rule 402(a) expressly provides that all proceedings involving allegations of misconduct or disability of an attorney shall be kept confidential until or unless one of four conditions occur. None of the stated conditions of the rule has occurred. This Court has not entered an order imposing public discipline nor has Petitioner been transferred to inactive status in this jurisdiction. There has been no conviction of a crime, nor has Petitioner waived confidentiality. Therefore, there is no basis for disclosure under 402(a). Part (b) of Rule 402 provides five specific agencies to whom and circumstances in which otherwise confidential information may be disclosed.[8] Disciplinary authorities of other

7. Disciplinary Rule 1–103 of the Pennsylvania Code of Professional Responsibility provides:

**DR 1–103. Disclosure of Information to Authorities.**

(A) A lawyer possessing unprivileged knowledge of a violation of DR 1–102 shall report such knowledge to a tribunal or other authority empowered to investigate or act upon such violation.

(B) A lawyer possessing unprivileged knowledge or evidence concerning another lawyer or a judge shall reveal fully such knowledge or evidence upon proper request of a tribunal or other authority empowered to investigate or act upon the conduct of lawyers or judges.

8. Pa.R.D.E. 402(b) provides:

(b) This rule shall not be construed to:

jurisdictions are not among those listed. The final paragraph of Rule 402 requires communication of information to other disciplinary authorities through the National Discipline Data Bank maintained by the American Bar Association upon the imposition of public discipline by this Court or transfer to inactive status. To release the information in the possession of the Office of Disciplinary Counsel at this time would be in violation of Rule 402.

> This Court has long recognized that "the court before whom the attorney practices has the undoubted power to formulate such rules as it sees fit to discipline, disbar, or admit persons to practice," *Hanson's Appeal*, 330 Pa. 390, 391, 198 A. 113, 114 (1938), subject, of course, to the safeguards of procedural due process of law. *In re Shigon*, 462 Pa. 1, 329 A.2d 235, 241 (1974).

*McLaughlin*, 465 Pa. at 112, 348 A.2d at 380.

Once the information is released to another jurisdiction, we would have no control over the use of the information and no recourse in the event of a breach of confidentiality. This Court not only has the power to formulate rules, but also the duty to insure that the rules are not violated. Our rules of confidentiality are consistent with other states including New Jersey and the A.B.A. Standards, none of which provides for disclosure of disciplinary information to attorney disciplinary authorities of other states prior to

(1) Deny access to relevant information to authorized agencies investigating the qualifications of judicial candidates, or to the Judicial Inquiry and Review Board, or to other jurisdictions investigating qualifications for admission to practice or to law enforcement agencies investigating qualifications for government employment.

(2) Require Disciplinary Counsel to refrain from reporting to law enforcement authorities the commission or suspected commission of any criminal offense or information relating to a criminal offense.

In addition, the Board shall transmit notice of all public discipline imposed by the Supreme Court, or transfer to inactive status, to the National Discipline Data Bank maintained by the American Bar Association.

*Note:* Paragraph (b)(2) is based on 18 Pa.C.S. § 5108 (relating to compounding). Otherwise Disciplinary Counsel may be in the anomalous position of violating DR 1–103(A). See DR 102(A)(3). Amended March 11, 1983, effective April 2, 1983.

adjudication. Pa.R.D.E. 402 clearly represents an effort to strike the proper balance with the attorney disciplinary rules regarding reporting. (*See*, Note to Pa.R.D.E. 402 citing DR 1–103). Moreover, our review of the New Jersey rule on confidentiality reveals that the request of our Office of Disciplinary Counsel by the New Jersey disciplinary authorities would not be permitted under their own rule N.J.R. § 1:20–10, in the same circumstances.

The requirements of Rule 402 as to confidentiality are consistent with and fully satisfy the duties that Respondent, or attorneys on its staff may have, as attorneys, to report "unprivileged information" of attorney misconduct to "appropriate authorities" under DR 1–103. Because of the confidentiality of disciplinary proceedings under the terms of Rule 402, any and all information received by disciplinary counsel, in that capacity, is privileged and confidential and the disclosure required by DR 1–103 of unprivileged information is not applicable in such circumstances.

Further, any information in the hands of disciplinary counsel is already in the possession of an appropriate investigating authority, thus eliminating the need to communicate the information before adjudication to other disciplinary authorities. Our adherence to the established rules of disciplinary enforcement and confidentiality in this instance protects and advances both due process interests and the orderly and fair administration of attorney discipline. The unadjudicated information in the hands of the Office of Disciplinary Counsel presumably contains a mixture of records, investigative materials, complaints, and other information obtained from various sources known or unknown to petitioner and of varying levels of accuracy. The possible adverse and irreversible nature of disclosure of such information is well recognized. Hence, the necessity for nondisclosure so that the information can be tested in an orderly fashion before our own disciplinary authorities and then through procedures for reciprocal discipline. Any disclosure prior to adjudication may unnecessarily burden the

petitioner by having to defend simultaneously in two jurisdictions.

Our decision today will in no way hinder the progress of the New Jersey matter as the authorities there are free to conduct their own independent investigation. Further, in the event that Petitioner is transferred to inactive status pursuant to Pa.R.D.E. 301 or is the subject of public discipline imposed by this Court, then the disciplinary information of the Office of Disciplinary Counsel will be available to the New Jersey authorities, because our rules require disclosure in either of those events. Therefore, the information needed by the New Jersey authorities is obtainable through established procedures for discovery or reciprocal discipline.

For the foregoing reasons, we grant Petitioner's request and enjoin the Office of Disciplinary Counsel from disclosing the unadjudicated disciplinary information to the New Jersey disciplinary authorities except upon the conditions set forth in Pa.R.D.E. 402 and 301.

NIX, C.J., joins the Majority opinion and also files a concurring opinion.

NIX, Chief Justice, concurring.

I join in the majority opinion. However, I wish to take this occasion to make clear that this Court, to the extent its own Rules permit, stands ready to assist any sister state in policing the practice of law within its borders. We recognize and are ever sensitive to the fact that such administration frequently requires interstate cooperation.

Our disciplinary rules are such as to permit the interim suspension of an attorney, pending the final resolution of charges, if there is good reason to believe that his continued practice of law will cause immediate and substantial harm. An attorney may also be placed on inactive status. It would be within the power of disciplinary counsel to seek either of those remedies in an appropriate case. Upon the entry of an order for either of those temporary measures, our rules of confidentiality would not preclude our making

known that change of status to the proper authority in another state. However, the instant matter is not one in which disciplinary counsel has sought an interim suspension, or any other temporary measure, pending final resolution of the charges against the attorney involved.