522 A.2d 705

Southeastern Pennsylvania Transportation Authority, Appellant *v.* Richard L. Fasy and Robert Williams, Appellees.

Argued December 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Vincent J. Walsh, Jr.,* with him, *G. Roger Bowers,* for appellant.

*Kenneth M. Rodgers, Kenneth M. Rodgers, P.C.,* for appellees.

OPINION BY JUDGE DOYLE, March 16, 1987:

Southeastern Pennsylvania Transportation Authority (SEPTA) appeals from the order of the Court of Common Pleas of Philadelphia County affirming the decision of a hearing examiner, which reinstated Robert Williams, an employee of SEPTA, with back pay. We affirm.

Williams was hired by SEPTA on December 13, 1982. He worked in SEPTA's Regional High Speed Line (RHSL) division. Williams was first discharged as of October 28, 1983. Following a post-determination hearing, the hearing examiner, Philip M. Caldwell, P.E., issued a decision dated January 31, 1984, reinstating Williams "effective the week of February 12, 1984, to [his] former position or a position of an equivalent salary grade for which [he is], or may be qualified."

On February 10, 1984, Williams was offered a position by SEPTA which would have reinstated him as of

February 12, 1984 but which would have transferred him to the City Transit division as a "Backfill District Dispatcher." He refused this assignment and was discharged on February 16, 1984 for "failure to appear for an assignment, absent without leave and willful and wanton misconduct." The underlying reason for Williams' refusal to accept the City Transit position was that City Transit employees are covered under the provisions of the Social Security Act[1] and not by the Railroad Retirement Act of 1974,[2] which is applicable to employees of the RHSL division of SEPTA and his fear that this transfer would jeopardize substantial pension benefits. By letter dated March 8, 1984, Williams requested a post-determination hearing pursuant to SEPTA's Policy Instruction No. 6.6.1. The hearing was held on April 6, 1984 and Hearing Examiner Richard L. Fasy, in a comprehensive decision, determined that the position SEPTA offered Williams on February 10, 1984 was inconsistent with the decision of Hearing Examiner Caldwell and that SEPTA should therefore reinstate Williams to the position he formerly held prior to his discharge on October 26, 1983 or to another supervisory administrative management position of equal salary grade within SEPTA's RHSL division for which Williams was qualified, with back pay from February 12, 1984.

On appeal the Court of Common Pleas of Philadelphia County, without taking additional evidence, affirmed Hearing Examiner Fasy's decision and findings of fact.

Our scope of review of a local agency, where a full and complete record has been made before the agency, is limited to determining whether constitutional rights

---

[1] 42 U.S.C. §§301-1397(f).
[2] 45 U.S.C. §§231-231(v).

have been violated, the adjudication is not in accordance with law or with the provisions of 2 Pa. C. S. §§551-555, or whether the necessary findings of fact were supported by substantial evidence. Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b); *see Appeal of Suspension of McClellan*, 82 Pa. Commonwealth Ct. 75, 475 A.2d 867 (1984).

SEPTA contends that Hearing Examiner Fasy erred: 1) in determining that Williams had no alternative but to defy SEPTA's *order* that he return to work on February 14,[3] 2) in failing to uphold SEPTA's decision to terminate Williams for deliberate defiance of an *order* directing him to begin work, and 3) in determining that Williams was not eligible for continued railroad retirement benefits in his new position. We disagree with these contentions.

Hearing Examiner Fasy correctly framed the issue in this case as whether the position SEPTA *offered* to Williams was consistent with Hearing Examiner Caldwell's decision. We do not accept SEPTA's characterization of its offer of work as an order to report to work. Williams was not required to report to work in a position which was inconsistent with the decision of Hearing Examiner Caldwell. Indeed, SEPTA was required to offer him a position consistent with that decision. To hold otherwise would require an employee who is reinstated to accept any position offered by a retributory employer. Therefore, we reject SEPTA's first two arguments.

As to SEPTA's third contention, there is substantial evidence of record to support the finding that Williams would not have been eligible for railroad retirement benefits in the offered position. Although SEPTA's wit-

---

[3] Although Williams would have been reinstated as of February 12, 1984, he was actually told to report on February 14, 1984.

ness testified that some City Transit division employees received railroad retirement benefits, he also testified that these employees held positions which, unlike the position of a "Backfill District Dispatcher," overlapped with the RHSL division. There is no evidence of record to indicate that any City Transit division employee without such an overlapping position received railroad retirement benefits.

SEPTA also maintains that a hearing examiner has no authority to determine an individual's eligibility for railroad retirement benefits. The issue here is not whether Williams is in fact eligible for such benefits, but whether the position offered was comparable to Williams' original position with SEPTA so as to be consistent with Hearing Examiner Caldwell's decision. Therefore, determining the probability of Williams' eligibility for railroad retirement benefits was but one factor in determining whether the two jobs were comparable.

For the foregoing reasons, the order of the Court of Common Pleas of Philadelphia County is affirmed.

ORDER

Now, March 16, 1987, the Order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby affirmed.