591 A.2d 1181

**EAST STROUDSBURG UNIVERSITY, Appellant,**

**v.**

**Julie HUBBARD, Jennifer Scamell, Cheryl Stotsenberg and Lora Gibson, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 8, 1991.

Decided May 23, 1991.

132

Michael B. Sutton, Harrisburg, for appellant.

Mark S. Love, Mount Pocono, for appellees.

Before COLINS, and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

East Stroudsburg University (University), a part of the State System of Higher Education,[1] appeals the October 23, 1990 ex parte order of the Court of Common Pleas of Monroe County which temporarily restrained the University from enforcing any disciplinary action taken against Julie Hubbard, Jennifer Scamell, Cheryl Stotsenberg and Lora Gibson, Students at the University, for their alleged violation of the University Student Code of Conduct.[2]

I

On September 27 and October 11–12, 1990, the University conducted disciplinary proceedings as a consequence of citations issued against the Students by the Borough of Stroudsburg Police Department for violation of Section 6308 of the Pennsylvania Crimes Code, *as amended,* 18 Pa.C.S. § 6308, which prohibits underage consumption or possession of intoxicating beverages. The Students were found guilty of violating Rule No. 8 of the Student Code of

---

**1.** *See* Sections 2002 and 2003 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 20–2002, 20–2003.

**2.** "Temporary restraining orders" are provided for in the Federal Rules of Civil Procedure, though not cognizable under the Pennsylvania Rules of Civil Procedure. Fed.R.Civ.P. 65(b). Therefore, the order of the trial court, in effect, granted the Students' request for an injunction. *See Attorney T. v. Office of Disciplinary Counsel of Pennsylvania,* 519 Pa. 280, 547 A.2d 350 (1988).

Conduct, 1990 Student Handbook,[3] and placed on disciplinary probation. As a result, the Students were deemed "not in good standing", and subject to loss of University privileges. The Students, members of the University women's volleyball team, were thereby ineligible to participate in varsity and non-varsity intercollegiate events.

On October 22, 1990, the Students filed a complaint in equity and a motion for preliminary injunction in the Court of Common Pleas of Monroe County seeking to preliminarily and permanently enjoin the University from placing them on disciplinary probation or taking any other disciplinary action against them until disposition of the pending criminal charges.[4] On October 23, 1990, the court ordered a hearing on the motion for preliminary injunction for November 29, 1990 and that pending the hearing, the University was temporarily restrained from enforcing any disciplinary action against the Students.[5] The University filed its notice

3. Major violations of the Student Code of Conduct include, inter alia, "drunk and disorderly conduct" or possession or consumption of alcoholic beverages as defined in the Pennsylvania Crimes Code.

4. The Students' complaint sets forth numerous allegations against the University including denial of due process rights; ambiguous language in the Student Code of Conduct relating to criminal violations; threat of double jeopardy in punishment for alleged off-campus criminal activities; and untimeliness of disciplinary hearings which preceded disposition of the underlying criminal charges.

5. The Pennsylvania Rules of Civil Procedure refer to "preliminary injunction" and "special injunction". Pa.R.C.P. No. 1531. The terms are often used interchangeably because both remedies are commonly sought to preserve the status quo until final hearing. Goodrich–Amram 2d § 1531(a)(1). The Students' motion for "preliminary injunction", however, will be deemed a request for relief in the nature of a special injunction since it sought "relief which is auxiliary to the main relief requested in the complaint." *In re Franklin Township Board of Supervisors*, 475 Pa. 65, 75, 379 A.2d 874, 879 (1977). The Third Circuit Court of Appeals has distinguished between "temporary restraining orders" and "preliminary injunctions" under federal law by noting that "when a temporary restraining order is extended far beyond its statutory limits, even though it is authorized by the consent of the party against whom it is directed, such an order begins to lose its character as temporary restraining order and begins taking on the characteristics of a preliminary injunction order." *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1150, 1153–54 (3d Cir.1982) (footnote omitted).

of appeal to this Court which conferred an automatic supersedeas of the court's order. *See* Pa.R.A.P. 1736. By order dated November 1, 1990, the chancellor restored its temporary restraining order. Thereafter, the chancellor issued an opinion and order dated November 7, 1990 which denied the University's motion to remove the temporary restraining order and reinstated the October 23, 1990 order pending a hearing.

## II

The pivotal issue raised by the University in this appeal is whether the Court of Common Pleas had jurisdiction to enter a special injunction against the University.[6] The University contends that as a part of the State System of Higher Education, it is a Commonwealth agency, and therefore any original actions against it including the Students' complaint in equity and motion for preliminary injunction, fall within this Court's exclusive original jurisdiction set forth in Sections 761(a) and (b) of the Judicial Code, *as amended*, 42 Pa.C.S. § 761(a), (b).

The Students counter the University's jurisdictional challenge by characterizing their complaint as an appeal from the disciplinary action taken by the University, rather than an original action filed against the University. They argue that under Section 501 of the Administrative Agency Law (Law), *as amended*, 2 Pa.C.S. § 501, student disciplinary proceedings before the State System of Higher Education are specifically exempt from practices and procedures of

6. The University also challenges whether it was error to grant the special injunction without the filing of a bond by the Students; without written notice of the action to the University, hearing, or showing that notice and hearing were impossible; and without the requisite proof of the Students' clear right to relief, need for immediate relief, and threat of irreparable harm if injunction did not issue. The determination made by this Court renders these issues moot. Further, it is beyond dispute that injunctions are dissolved by operation of law where entered in the absence of notice to the opposing party unless hearing on the continuance of the injunction is held within five days of its issuance or as the parties may agree or directed by the court upon cause shown. Pa.R.C.P. No. 1531(d).

the Law and, therefore, are no longer appealable to this Court under 42 Pa.C.S. § 763(a)(1) which sets forth this Court's exclusive jurisdiction of appeals from final orders of government agencies. Thus, the Students take the position that appeals from student disciplinary proceedings before the State System of Higher Education are reviewable only by the courts of common pleas and therefore the chancellor properly exercised jurisdiction over the present matter. . The Students' argument that their action is neither subject to this Court's exclusive original jurisdiction under Section 761 nor this Court's exclusive appellate jurisdiction under Section 763 must be rejected.

### III

This Court has observed since its inception that it exercises jurisdiction which is "unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than upon the nature of the cause of action asserted." *Brown v. Taylor*, 90 Pa.Commonwealth Ct. 23, 27, 494 A.2d 29, 31 (1985), quoting *General State Authority v. Pacific Indemnity Co.*, 24 Pa.Commonwealth Ct. 82, 87-88, 354 A.2d 56, 59 (1976). Thus, absent statutory exception, the identity of the University defines the perimeters of this Court's jurisdiction. The identity of the University as a Commonwealth agency is not in dispute. *Beaver v. Ortenzi*, 105 Pa.Commonwealth Ct. 361, 524 A.2d 1022 (1987). Therefore, the Students may not circumvent the jurisdiction of this Court, original or appellate, by simply labeling their action against the University as an appeal.

The record clearly demonstrates that the Students instituted these proceedings by filing a complaint in equity which is governed except as otherwise provided, "in accordance with the rules relating to a civil action." Pa.R.C.P. No. 1501. As a civil action against a Commonwealth agency, the Students' complaint in equity and motion for injunctive relief fall within this Court's exclusive original jurisdiction under Sections § 761(a) and (b) which provide:

## § 761.—Original jurisdiction

**(a) General rule.**—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

(i) actions or proceedings in the nature of applications for a writ of habeas corpus or post-conviction relief not ancillary to proceedings within the appellate jurisdiction of the court;

(ii) eminent domain proceedings;

(iii) actions on claims in which immunity has been waived pursuant to Chapter 85 (relating to matters affecting government units) or the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act [footnote omitted]; and

(iv) actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity.

(2) By the Commonwealth government, including any officer thereof, acting in his official capacity, except eminent domain proceedings.

(3) Arising under article V of the act of May 17, 1921 (P.L. 789, No. 285), known as "the Insurance Department Act of 1921 [footnote omitted]."

(4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

**(b) Concurrent and exclusive jurisdiction.**—The jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive except as provided in section 721 (relating to original jurisdiction) and except with respect to actions or proceedings by the Commonwealth government, including any officer thereof, acting in his official capacity, where the jurisdiction of the court shall be concurrent with the several courts of common pleas.

Based upon review of the law and the pleadings, this Court concludes that the trial court lacked jurisdiction over the Students' original action against a Commonwealth agency and therefore erred in temporarily restraining the Universi-

ty from enforcing any disciplinary action against the Students.

Assuming arguendo that the Students' action constituted an appeal from the University's disciplinary proceedings, it does not follow that the court of common pleas was the appropriate forum to hear such an appeal from a Commonwealth agency. Section 933 of the Judicial Code, *as amended*, 42 Pa.C.S. § 933, sets forth those cases over which "each court of common pleas shall have jurisdiction of appeals from final orders of government agencies." Appeals from student disciplinary proceedings before the State System of Higher Education is not among those enumerated cases. If the General Assembly intended to vest jurisdiction over such appeals in the various courts of common pleas, then it would not have omitted such appeals from the statutory framework of Section 933 of the Judicial Code. This Court recognizes that "[w]here some things are specifically designated in a statute, things omitted should be understood as having been excluded; this principle is that expressed by the maxim 'expressio unis est exclusio alterius.'" *Samilo v. Insurance Department*, 98 Pa.Commonwealth Ct. 232, 234–235, 510 A.2d 412, 413 (1986). *Compare* 42 Pa.C.S. § 933(a)(1)(ii) (conferring jurisdiction upon the courts of common pleas over civil statutory appeals from specific determinations of the Department of Transportation).

Furthermore, this Court rejects the Students' contention that Section 501(b)(4), the 1988 amendment to Section 501 of the Law, deprives this Court of exclusive appellate jurisdiction over their action against the University. Section 501 of the Law, amended effective December 21, 1988, provides in pertinent part:

**501. Scope of subchapter**

**(a) General rule.**—Except as provided in subsection (b), this subchapter shall apply to all Commonwealth agencies.

**(b) Exception.**—None of the provisions of the subchapter shall apply to:

. . . .

(4) Proceedings before the State System of Higher Education involving student discipline.

The Students concede that prior to the effective date of Section 501(b)(4) of the Law, this Court had exclusive jurisdiction under Section 763(a) of the Judicial Code to review student disciplinary proceedings before the State System of Higher Education. *Beaver; Kusnir v. Leach,* 64 Pa.Commonwealth Ct. 65, 439 A.2d 223 (1982). In *Beaver,* this Court entertained the appeal of an East Stroudsburg University student suspended for a "major violation" of the Student Code of Conduct and affirmed the University's disciplinary sanction. In *Kusnir,* this Court also exercised exclusive appellate jurisdiction under Section 763(a) to review student disciplinary proceedings before Clarion State College, which is also a part of the State System of Higher Education and therefore a Commonwealth agency. The Students cite no authority to support their argument that after *Beaver* and *Kusnir,* the 1988 amendment conferred exclusive jurisdiction over such appeals within the courts of common pleas.

The language of Section 501(b)(4) exempts student disciplinary proceedings before the State System of Higher Education from procedural requirements of the Law set forth in Sections 502–508 of the Law. Legislative history underlying Section 501(b)(4) indicates an intent to expedite student disciplinary adjudications by eliminating due process requirements previously mandated for such adjudications rather than a legislative intent to alter this Court's exclusive appellate jurisdiction over such adjudications. Legislative Journal–House, June 28, 1988, pp. 1312–13. Even if this Court interprets Section 501(b)(4) as an exemption of student disciplinary proceedings from Sections 701–704 of the Law which governs judicial review of Commonwealth agency action, it does not follow that this Court has been effectively divested of jurisdiction to entertain such appeals. Thus, assuming that the action of the Students was in effect an appeal from the University's disciplinary

proceedings, as the Students contend, this Court is unpersuaded with the Student's argument that the court of common pleas was vested with jurisdiction over the action.

This Court therefore determines that the Court of Common Pleas of Monroe County lacked jurisdiction to entertain the Students' complaint in equity and motion for preliminary injunction. Accordingly, the order of the Court of Common Pleas is hereby vacated.

COLINS, J., concurs in the result only.

## ORDER

AND NOW, this 23rd day of May, 1991, the order of the Court of Common Pleas of Monroe County, dated October 23, 1990, is vacated.