594 A.2d 870

In re PRIMARY ELECTION OF MAY 21, 1991, FOR the
OFFICE OF JUDGE OF the COURT OF COMMON
PLEAS OF LUZERNE COUNTY.

**Appeal of Correale F. STEVENS.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1991.

Decided July 3, 1991.

Donald H. Brobst, Shickshinny, for appellant.

Joseph M. Blazosek, West Pittston, and Richard Goldberg, Wilkes–Barre, for appellees.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

This is an appeal of Correale F. Stevens (Stevens) from the June 6, 1991 order of the Court of Common Pleas of Luzerne County which denied Stevens' appeal from a decision of the Luzerne County Board of Elections (Board) which directed the recanvassing of all 479 voting machines utilized in the election districts in Luzerne County in the May 1991 primary election for the office of Judge of the Court of Common Pleas of Luzerne County. The issues presented in this appeal are whether the Board possessed the power under Section 1404(e)(1) of the Pennsylvania Election Code (Election Code), Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. § 3154(e)(1), to order a recanvassing of all voting machines used in the primary election on the ground that the official vote count was narrow between Stevens and another judicial candidate, Charles J. Bufalino (Bufalino); whether the Election Code authorized the Board to direct a recanvassing of all voting machines in the election districts when the losing candidate alleged discrepancies in only seven voting districts and no evidence was received and no testimony was received by the Board concerning those alleged discrepancies; and finally whether one of the judges conducting the hearing in this matter, Judge Cappellini, should have recused himself because his law clerk is Bufalino's son.

On May 29, 1991, Bufalino filed with the Board a petition for recanvass of all voting machines in Luzerne County pursuant to Section 1407 of the Election Code, 25 P.S. § 3157. On May 30, 1991, the Board convened, and after considering the petition and various exhibits, determined to grant the petition. No testimony was taken to support the request.

Section 1404(e)(1) of the Election Code prescribes the circumstances under which an election board may recanvass voting machines used in an election. That section sets forth in relevant part:

> Whenever it shall appear that there is *a discrepancy in the returns of any election district, or, upon petition of three voters of any district, verified by affidavit, that an error, although not apparent on the face of the returns, has been committed therein, or of its own motion,* the county board shall at any time prior to the completion of the computation of all of the returns for the county, summon the election officers of the district, and said officers, in the presence of said board, shall make a record of the number of the seal upon the voting machine, and the number on the protective counter or other device; shall make visible the registering counters of such machine, and, without unlocking the machine against voting, shall recanvass the vote cast thereon.... If, upon such recanvass, it shall be found that the original canvass of the returns has been correctly made from the machine, and that the discrepancy still remains unaccounted for, the said board, with the assistance of the custodian, in the presence of the election officers and the authorized candidates and representatives, shall unlock the voting and counting mechanism of the machine, and shall proceed thoroughly to examine and test the machine to determine and reveal the true cause or causes, if any, of the discrepancy in returns from such machine. (Emphasis added.)

The Board issued its order to recanvass all voting machines in the election districts without taking testimony on any

alleged discrepancies or errors committed or otherwise receiving evidence to establish the basis for ordering a recanvass of all 479 voting machines. In its brief decision, the Board indicated that it possessed an inherent right to ensure that a fair and impartial election is conducted and consequently determined that since the outcome of the balloting showed a narrow difference (twenty-one votes) between Stevens and Bufalino, a recanvassing of all voting machines was proper. It is apparent from a reading of the pertinent statutory provision that the Board did not possess the authority or power which it assumed.

Section 1404(e)(1) unequivocally indicates a legislative intent that a recanvassing of the vote in an election may be directed only in circumstances where there is a discrepancy in the returns of any election district or where an error not apparent on the face of the returns has been committed. There is nothing in that section which authorizes the Board to recanvass all voting machines used in every district in the county merely because the vote outcome was close. (The official count for Stevens showed 13,734 votes and for Bufalino 13,713.)

■■■ Principles of statutory construction are firmly established—when construing a statute, courts may not read something into it which is not expressly indicated. *Henry Appeal*, 504 Pa. 593, 475 A.2d 1325 (1984). Moreover, things omitted must be understood to be excluded. *East Stroudsburg University v. Hubbard*, 140 Pa.Commonwealth Ct. 131, 591 A.2d 1181 (1991). Accordingly, this Court may not construe Section 1404(e)(1), as did the Board and the lower court, to authorize a recanvass of all voting machines in the absence of evidence demonstrating either a discrepancy in the returns or an error not apparent on the face of the returns whether at the request of Bufalino, upon petition of three voters of any district, or at the instance of the Board acting on its own motion. Moreover, the Board failed to take any evidence of a discrepancy or commission of an error which would substantiate a recanvass of the

entire 479 voting machines used, or for that matter of those used in the seven election districts referred to by Bufalino.

Appellee relies upon *Flood Appeal*, 372 Pa. 486, 94 A.2d 565 (1953), in which the Supreme Court upheld the denial of a request to recanvass the vote in an election because the outcome was close. The Supreme Court agreed with the lower court that it lacked jurisdiction to hear an appeal from the election board's refusal to recanvass based solely upon the minority member's motion. In affirming the lower court, the Supreme Court stated that "[p]rescribed procedures in election matters are creatures of statute and, unless one can point to statutory authority for the course which he chooses to follow, his motion is without legal warrant." *Id.*, 372 Pa. at 489, 94 A.2d at 566. Although the Court noted in dicta that eleven years previously certain board members had acted of their own motion to recanvass the vote in a particular election, the court's discussion may not serve as precedent for the proposition, as argued by Appellee, that election board members may direct on their own motion a recanvass of all votes cast in an election where no testimony or other evidence exists of record to support a total recanvass. Thus, in the matter *sub judice*, the Board's order directing a recanvassing of all voting machines lacked statutory support and authorization and must therefore be invalidated.

Another case relied upon by Appellee, *McCracken Appeal*, 370 Pa. 562, 88 A.2d 787 (1952), dealt with the question of a county board of election's authority to examine a write-in vote which had been cast for a candidate and to cumulate write-in votes when it was determined through Election Code proceedings that the candidate was entitled to those write-in votes, a matter clearly inapposite to the proceedings before this Court. Finally, the Supreme Court in *Jones Election Contest Case*, 376 Pa. 456, 461–62, 103 A.2d 652, 655 (1954), cogently observed:

It goes without saying that the purpose of popular elections is the due ascertainment and effectuation of the will of the electorate. But that expression must be ascer-

tained within the rules of law statutorily prescribed for the proper attainment of the desired purpose. Any other course would lead to loose, uncertain and inconclusive election practices more likely to defeat, rather than further, the popular will.

Although research reveals a paucity of case law in this area, it is fundamentally clear that neither the Board nor the lower court possesses power not specifically conferred by statute to order a total recanvass of voting machines utilized in an election solely because of the closeness of an election outcome. Accordingly, this Court must conclude that the lower court committed an error of law in affirming the Board's recanvassing decision and must be reversed pursuant to this Court's order entered June 28, 1991.[1]

---

**1.** Stevens also challenges Judge Cappellini's refusal to recuse himself from the proceedings. This Court need not address the recusal issue which is essentially rendered moot by the disposition of Stevens' appeal.