## Quinn v. SEPTA

*Geoffrey B. Gompers,* for plaintiff.
*Joseph J. Devanney,* for defendant.

MEMORANDUM & ORDER

AVELLINO, *J.,* January 14, 1994—Joseph Quinn, a 25-year SEPTA employee, was summarily discharged, and, following an in-house "post-determination hearing," appealed to common pleas citing the Local Agency Law, 2 Pa.C.S. §§551-55, 751-54. Assuming *arguendo* that Quinn is entitled to a statutory appeal,[1] I think he has selected the wrong forum. Briefly, it is perfectly

---

1. Pennsylvania courts and commentators use the expression, "statutory appeal," to describe a legislative grant of court access that is designed to facilitate judicial review of action taken by administrative bodies. See e.g., *Erie Human Relations Comm'n v. Erie Insurance Exchange,* 465 Pa. 240, 245, 348 A.2d 742, 744 (1975) ("[W]here statutory remedies are provided, [they] must be strictly pursued, to the exclusion of other methods of redress... . This is particularly true of *special statutory appeals from the action of administrative bodies.*") (emphasis in original); Comment, *Judicial Review of Administrative Action in Pennsylvania: An Updated Look at Reviewability and Standing,* 16 Duq. L. Rev. 201, 202 (1977-78) ("Amendments to the Administrative Agency Law and enactment of the Local Agency Law have broadened the avenue of *statutory appeal.*") (emphasis added). Only the *adjudicatory* functions of an agency are subject to judicial review via the AAL or the LAL. See e.g., *id* at 204. On adjudication, see e.g., *Wortman v. Philadelphia Commission on Human Relations,* 139 Pa. Commw. 616, 620, 591 A.2d 331, 333 (1991) (Agency action is an "adjudication" when it leaves complainant with no other forum in which to assert his rights.). Query, does any section of the Metropolitan Transportation Authorities Act, 74 Pa.C.S. §§1501-43, prohibit Quinn from suing SEPTA via a routine "civil action"?

clear that SEPTA is a Commonwealth agency. See e.g., *Feingold v. SEPTA,* 512 Pa. 567, 577-78, 517 A.2d 1270, 1275-76 (1986). Consequently, the Commonwealth Court alone has jurisdiction of Quinn's putative appeal. See 42 Pa.C.S. §763(a)(1) (conferring "exclusive" jurisdiction), and compare 42 Pa.C.S. §933(a)(1) (enumerating *nine* Commonwealth agencies whose orders are *sometimes* appealable to common pleas). See also, *East Stroudsburg Univ. v. Hubbard,* 140 Pa. Commw. 131, 138, 591 A.2d 1181, 1185 (1991) (Common pleas does not have jurisdiction of an appeal from *any* Commonwealth agency that is not *explicitly* mentioned in section 933(a)(1).).

True, in the 1987 case of *SEPTA v. Fasy,* 104 Pa. Commw. 613, 522 A.2d 705 (1987), the Commonwealth Court affirmed a common pleas ruling which granted a statutory appeal in a case like Quinn's. Significantly, the *Fasy* court never addressed jurisdictional issues. Consequently, that case is not dispositive of the question sub judice. I am mindful (and flattered) that both sides want me to hear their dispute. Yet, as the Commonwealth Court has explained, "If the General Assembly intended to vest jurisdiction over such appeals in [common pleas], then it would not have omitted such appeals from the statutory framework of Section 933 of the Judicial Code." *East Stroudsburg Univ., supra* at 138, 591 A.2d at 1185.

Happily for Quinn, his improvident choice of forum is not fatal. Instead, common pleas may, and probably must, transfer an erroneously filed litigation to the proper tribunal. See e.g., 42 Pa.C.S. §5103(a). *Accord Casselli v. Commw., State Police,* 146 Pa. Commw. 625, 630, 606 A.2d 663, 666 (1992) (Common pleas should transfer erroneously filed actions that fall within the ambit of the jurisdiction of the Commonwealth Court.).

An appropriate order follows.

## ORDER

And now, January 14, 1994, the prothonotary is directed to transfer this litigation to the Commonwealth Court for the reasons set forth in the accompanying memorandum. Costs, if any, shall be paid by the appellant, Joseph Quinn.