**Kairi COOPER, Craig Prince, Justin L. Spence, Andrew Battle and Benjamin Shaffer**

v.

**PENNSYLVANIA STATE ATHLETIC CONFERENCE, and Steven Murray, Commissioner, Appellants.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 2003.

Decided Jan. 30, 2004.

Charles B. Schweitzer and Jeffrey B. Hawkins, Harrisburg, for appellants.

No appearance entered on behalf of appellees.

BEFORE: PELLEGRINI, Judge, COHN, Judge and JIULIANTE, Senior Judge.

OPINION BY Judge COHN.

Before us for consideration is the issue of whether the Pennsylvania State Athletic Conference (PSAC) is an "agency of the Commonwealth government" because it is a "constituent part" of the Pennsylvania State System of Higher Education (SSHE), and that any equity action taken against it should be brought in this Court's original jurisdiction. PSAC appeals from the order of the Court of Common Pleas of Indiana County granting a preliminary injunction against PSAC and allowing Appellees,[1] all members of the Indiana University of Pennsylvania's (IUP) football team, to continue participating in that program.

By way of background, PSAC is the athletic conference of SSHE and is charged with promoting and administering the athletic programs of the 14 universities in SSHE. PSAC is governed by a board of directors, made up of the presidents from each of the 14 universities. Funding for the budget of PSAC comes from membership dues paid by each of the 14 universities and a National Collegiate Athletic Association (NCAA) grant. The conference is managed by a commissioner, Mr. Murray, and a sports information director. The only other employee is a secretary, who is employed by Lock Haven University. PSAC cannot own real estate and is not an independent legal entity and, therefore, Lock Haven University provides PSAC with office space, handles PSAC's payroll, performs necessary audits, and procures goods and services in accord with the Commonwealth's Procurement Code, 62 Pa.C.S. § 101–4509.

On November 9, 2002, members of IUP's football team played a game against Slippery Rock University (SRU) in Slippery Rock, Pennsylvania. At the conclusion of the game, members of both teams, cheerleaders from both universities and, allegedly, members of SRU's ROTC program engaged in a fight involving both physical violence and verbal confrontation. On the following day, SRU's athletic director contacted Commissioner Murray and informed him of the fight. Commissioner Murray contacted IUP and obtained a copy of the videotape of the fight made by IUP's television station. After review of the videotape, Commissioner Murray informed the presidents of IUP and SRU by letter that nine players were suspended, including the five Appellees and four players from the SRU football team. Additionally, PSAC suspended the cheerleaders of both schools, reprimanded the head coaches and placed both programs on a two-year probation, during which more severe sanctions could be incurred if any additional incidents were to occur. The president of IUP appealed PSAC's decision to Dr. Robert Dillman, acting Chairman of PSAC's Board of Directors, who affirmed the decision.

On November 18, 2002, Appellees filed a Complaint in Equity and Motion for Special/Preliminary Injunction with the trial court. Following a hearing, the common pleas court granted the motion for preliminary injunction, preventing PSAC from suspending the students, or placing the programs on probation. This appeal followed.[2]

---

1. Appellees have not filed a brief in this matter.

2. This Court's scope of review in an appeal of a preliminary injunction is to determine whether there were any reasonable grounds for the trial court's grant of a preliminary injunction, and this Court will reverse only if no such grounds exist or if the trial court relied on a rule of law that was palpably erroneous or misapplied. *Norristown Municipal Waste Authority v. West Norriton Township*, 705 A.2d 509 (Pa.Cmwlth.1998), *petition for allowance of appeal denied*, 555 Pa. 723, 724 A.2d 937 (1998).

PSAC's sole argument on appeal is that the common pleas court did not have jurisdiction in this matter, because this Court possesses original jurisdiction over legal matters involving PSAC, which is, allegedly, a constituent part of SSHE.

■ Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), grants to the Commonwealth Court original jurisdiction over all civil proceedings brought against the "Commonwealth government" with certain exceptions.[3] Section 102 of the Judicial Code, 42 Pa.C.S. § 102, defines "Commonwealth government" as:

The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

It is undisputed that **SSHE** is an agency of the Commonwealth government. *East Stroudsburg University v. Hubbard,* 140 Pa.Cmwlth. 131, 591 A.2d 1181 (1991). PSAC asserts that because it is an athletic conference made up solely of the 14 universities of SSHE, it should be considered as a constituent part of SSHE and, therefore, also as part of the Commonwealth government, particularly, because: SSHE has financial and administrative control over PSAC; its Board of Directors is comprised of the presidents from each of the 14 universities of the SSHE; it is funded through membership contributions from each university and by grant funds from the NCAA; Lock Haven University provides office space to PSAC's staff, handles payroll and procurement of goods and services for PSAC; and PSAC states in its brief that it is not organized under any state or federal incorporation law, it cannot own real estate, and cannot be sued independently.

In *East Stroudsburg,* students brought an action in equity to restrain East Stroudsburg University of Pennsylvania, *an SSHE university,* from enforcing disciplinary action against them. The common pleas court entered a temporary restraining order against the University, and the University appealed to this Court claiming that the common pleas court did not have jurisdiction to enter such an order. We agreed with the University because this Court's jurisdiction is "unique in that it is predicated upon the identity of the parties and the capacity in which they sue or are sued rather than the nature of the cause of action asserted" and, thus, the University's identity as a Commonwealth agency brings it within our original jurisdiction. *Id.* at 1184 (quoting *Brown v. Taylor,* 90 Pa. Cmwlth. 23, 494 A.2d 29 (1985)).

PSAC relies on *Moore v. Board of Directors of City Trusts,* 809 A.2d 420 (Pa. Cmwlth.2001), to support its position. However, we note that *Moore* concerned the issue of whether the college was the Commonwealth government for *purposes of sovereign immunity,* not for purposes of this Court's original jurisdiction. It, thus, has no application here.

In determining whether an entity is part of the Commonwealth government, rather than a private entity performing public service, we may "review ... the operation-

---

**3.** Section 761(a) pertinently reads:

    (a) **General Rule.** The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

    (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity....

42  Pa.C.S. § 761(a).

al and economic ties between the entity in question and the executive branch of the state government." G. Ronald Darlington et al., Pennsylvania Appellate Practice § 40:307 (2d ed.2002). The nature of the entity in question can be determined by *any one* of the following factors:

(1) denomination as a government agency, instrumentality, body politic, etc.,

(2) who appoints a majority of the board of directors or the membership of the governing body,

(3) who receives the assets upon dissolution of the entity,

(4) the source of the operating funds,

(5) the degree of supervision by another commonwealth entity,

(6) the geographic scope of operations,

(7) entitlement to legal counsel from the Attorney General, and

(8) statutory language distinguishing it from other Commonwealth entities.

*Id.*

Applying the factors to the case *sub judice,* we conclude that PSAC is an entity of the Commonwealth government. First, we point out that PSAC's governing body, the Board of Directors, is comprised of the 14 presidents of the member universities, which, under *East Stroudsburg University,* are Commonwealth agencies. Second, the member universities each pay dues to finance the business of the PSAC and, through the Board of Directors, select staff to run the conference. Finally, although PSAC's offices are located at Lock Haven University, PSAC governs and administers the athletic activities of all 14 universities in SSHE. These activities take place across the entire state. Based on these factors, we conclude that PSAC is a Commonwealth entity and any *equity* action against it should have been brought in this Court's original jurisdiction.

Accordingly, based on the foregoing discussion, we vacate the order of the common pleas court for lack of jurisdiction.

### ORDER

**NOW,** January 30, 2004, the order of the Court of Common Pleas of Indiana County in the above-captioned matter is hereby vacated. The Chief Clerk is directed to close out this matter at the above docket number and transfer it to this Court's original jurisdiction forthwith and assign it a new docket number. The Court of Common Pleas in Indiana County is directed to transfer the complaint and other filings to this Court within 20 days. *See* Sections 708(b) and 5103 of the Judicial Code, 42 Pa.C.S. §§ 708(b), 5103. Within 30 days the parties shall file status reports addressing whether the motion for preliminary injunction and the underlying cause of action are now moot. Subsequent to the disposition of that issue, the Court will direct further filings, if necessary.