IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen M. Bradley,                                    :
                          Appellant                    :
                                                       :
              v.                                       :
                                                       :
West Chester University, Lawrence                      :
A. Dowdy, Greg R. Weisenstein,                         :
Pennsylvania State System of Higher                    :
Education, Lois M. Johnson,                            :    No. 368 C.D. 2019
Ginger Coleman                                         :    Argued: November 12, 2019


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                     FILED: January 10, 2020


          Colleen M. Bradley (Bradley) appeals from the order of the Court of
Common Pleas of Philadelphia County dated December 5, 2018 denying Bradley's
petition for relief (Petition) from the court's December 21, 2016 judgment of non
pros. Upon review, we vacate and order the matter transferred to this Court.

          Bradley alleged the following facts in her complaint. Bradley was hired
to serve as Director of Budget and Financial Planning at West Chester University
(University), which is part of the Pennsylvania State System of Higher Education
(PASSHE). Original Record (O.R.), Complaint at 6, ¶¶ 12 & 14. Bradley's
immediate supervisor at the University was Mark Mixner (Mixner), the University's

Chief Financial Officer. O.R., Complaint at 5, ¶ 9. Bradley's responsibilities included preparation, oversight and management of the University's operating budget and working collaboratively with a wide range of senior leaders at the University. O.R., Complaint at 7-8, ¶ 26. Bradley also assisted in the preparation of "BUD Reports"—budgets which the University submitted to PASSHE. O.R., Complaint at 16, ¶ 57. While working on one of the University's annual BUD Reports, Bradley alleges that PASSHE administrators instructed her to modify the report in a way that would show a multi-million dollar deficit, even though the University in fact had a multi-million dollar surplus, so as to secure appropriation money from the Commonwealth. O.R., Complaint at 19, ¶ 66. In September 2012, at one of the University's weekly Administrative Budget Committee meetings, which Bradley regularly attended, Bradley questioned the ethics and legality of the BUD Report. *Id.* Shortly after the meeting, Mixner reprimanded Bradley. O.R., Complaint at 20, ¶ 69. Nevertheless, Bradley disseminated a memorandum communicating her concerns at a subsequent Administrative Budget Committee meeting. O.R., Complaint at 20, ¶¶ 72-73. More than two years later, Mixner and Bradley again disagreed over the budget assessment, with Bradley asserting that the proposed version contained misrepresentations. O.R., Complaint at 45-46, ¶¶ 162-63. Contrary to Mixner's instructions, Bradley relayed her concerns regarding the budget at an Enrollment Management Committee meeting in October 2014. O.R., Complaint at 46, ¶ 164. On November 18, 2014, Mixner informed Bradley that her employment with the University would terminate on June 30, 2015. O.R., Complaint at 49, ¶ 176. Bradley also received a letter from Mixner formalizing this decision. *Id.* Bradley's contract expired on June 30, 2015. *Id.*

2

On May 31, 2016, while a federal suit[1] arising from the same subject matter remained pending, Bradley filed a three-count complaint with the Court of Common Pleas of Philadelphia County (trial court) against the University, PASSHE, Lawrence A. Dowdy, Greg R. Weisenstein, Lois M. Johnson and Ginger Coleman (collectively, Defendants). *See* Trial Court Docket at 1-5, Reproduced Record (R.R.) at 1a-5a;[2] O.R., Complaint at 1.[3] Bradley's complaint before the trial court levied the following claims: violation of the Pennsylvania Whistleblower Law,[4] intentional infliction of emotional distress and negligent infliction of emotional distress. O.R., Complaint at 51-54, ¶¶ 189-204. On July 6, 2016, Bradley filed a praecipe to reinstate her complaint, which was not yet served. *See* Trial Court Docket at 5, R.R. at 5a. On August 26, 2016, Bradley failed to appear at a case management conference. *See* Trial Court Docket at 6, R.R. at 6a. The complaint still had not yet been served. *See id.* On or about September 8, 2016, the trial court issued a rule returnable hearing for October 4, 2016, in connection with Bradley's failure to serve the complaint and to appear at the case management conference. *Id.*

---

[1] On May 14, 2015, shortly before her contract with the University was set to expire, Bradley filed a four-count complaint in the U.S. District Court for the Eastern District of Pennsylvania against Mixner, the University, PASSHE, and several University and PASSHE administrators. *See* District Court Complaint at 1-62, R.R. at 54a-115a. Bradley appealed the District Court's decision to the Third Circuit Court of Appeals. *See Bradley v. W. Chester Univ.*, 880 F.3d 643 (3d Cir.), *cert. denied*, 139 S. Ct. 167 (2018). On October 1, 2018, the federal proceedings came to a final conclusion when the United States Supreme Court denied Bradley's petition for certiorari. *Bradley v. W. Chester Univ. of the Pa. State Sys. of Higher Educ.*, 139 S.Ct. 167 (2018).

[2] We note that we have added the letter "a" following citations to pages within the Reproduced Record, as per Pennsylvania Rule of Appellate Procedure Number 2173.

[3] Bradley's state court complaint is not in the reproduced record but is in the original trial court record.

[4] Act of December 12, 1986, P.L. 1559, *as amended*, 43 P.S. §§ 1421–1428.

On September 20, 2016, the trial court rescheduled the rule returnable hearing for October 11, 2016. *Id.* Bradley filed another praecipe to reinstate her complaint on October 10, 2016. Trial Court Docket at 7, R.R. at 7a. On October 12, 2016, and then again on December 6, 2016, the trial court continued the rule returnable hearing to permit Bradley to effectuate service. Trial Court Docket at 7-8, R.R. at 7a-8a. On December 19, 2016, Bradley again filed a praecipe to reinstate her complaint. Trial Court Docket at 8, R.R. at 8a. That same day, Bradley filed an acceptance of service with the trial court, documenting the University's acceptance of service of the (amended) complaint. Trial Court Docket at 9, R.R. at 9a. On December 20, 2016, the trial court conducted the rule returnable hearing, which Bradley did not attend. *See id.* By order dated December 20, 2016, the trial court entered a judgment of non pros against Bradley due to her failure to effectuate service and appear at the hearing. *Id.*; *see also* O.R., Trial Court Order, 12/21/16.

On October 30, 2018, Bradley filed the Petition, which was denied by order dated December 5, 2018. *See* Trial Court Docket at 9, R.R. at 9a; Trial Court Order, 12/5/18, R.R. at 524a. Bradley timely appealed to the Superior Court, which then transferred the appeal to this Court. *See* Trial Court Docket at 11, R.R. at 11a.

In its opinion, the trial court noted that, pursuant to Pennsylvania Rule of Civil Procedure No. 3051, in order to obtain relief from a judgment of non pros, a petitioner must establish that "(1) the petition is timely filed, (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of non pros, and (3) there is a meritorious cause of action." Trial Court Opinion, 2/8/19 at 2, R.R. at 526a. The trial court concluded that Bradley failed to establish each of these elements.

4

Before this Court, Bradley first argues that the trial court's judgment of non pros is void, because this Court, rather than the trial court, had subject matter jurisdiction over her claims. Bradley's Brief at 48-49 (citing *Commonwealth v. Danysh*, 833 A.2d 151, 152 (Pa. Super. 2003)). Bradley therefore asserts that the trial court's judgment of non pros should be vacated and that the case should be transferred to this Court for adjudication on the merits. *Id.* at 47-49 (citing 42 Pa.C.S. § 5103(a)).

Defendants agree that the trial court lacks jurisdiction over Bradley's Pennsylvania Whistleblower Law claim (at least "presumably" with respect to the University and PASSHE and some of the individual Defendants) because, with limited exceptions, this Court has original and exclusive jurisdiction in all civil actions against Commonwealth agencies and officers. Defendants' Brief at 29-30 (citing University's Memo. of Law in Opp. to Bradley's Petition at 8, R.R. at 496a-97a). However, Defendants assert that the trial court had subject matter jurisdiction over Bradley's tort claims. *Id.*

Our scope and standard of review with regard to questions of subject matter jurisdiction is as follows:

> Jurisdiction over the subject matter is conferred solely by the Constitution and laws of the Commonwealth. The test for whether a court has subject matter jurisdiction inquires into the competency of the court to determine controversies of the general class to which the case presented for consideration belongs. Thus, as a pure question of law, the standard of review in determining whether a court has subject matter jurisdiction is de novo and the scope of review is plenary. Whether a court has subject matter jurisdiction over an action is a fundamental issue of law which may be raised at any time in the course

5

of the proceedings, including by a reviewing court sua sponte.

*Office of Att'y Gen. ex rel. Corbett v. Locust Township*, 968 A.2d 1263, 1268–69 (Pa. 2009).

Courts of common pleas generally enjoy unlimited original jurisdiction over all actions and proceedings except where exclusive, original jurisdiction is vested in another Pennsylvania court by statute or general rule. 42 Pa.C.S. § 931(a); *see also* Pa. Const. art. 5, § 5(b) (providing that courts of common pleas "hav[e] unlimited original jurisdiction in all cases except as may otherwise be provided by law"). With a few exceptions, this Court possesses exclusive, original jurisdiction over "all civil actions or proceedings . . . [a]gainst the Commonwealth government,[5] including any officer thereof, acting in his official capacity[.]" 42 Pa.C.S. § 761(a)(1); *see also* 42 Pa.C.S. § 761(b) (providing that the original jurisdiction of the Commonwealth Court under subsection (a) shall be exclusive, except as provided by certain exclusions not applicable here, which delineate when the Court shares concurrent jurisdiction).

---

[5] Section 102 of the Judicial Code defines the term "Commonwealth government" as follows:

> The government of the Commonwealth, including the courts and other officers or agencies of the unified judicial system, the General Assembly and its officers and agencies, the Governor, and the departments, boards, commissions, authorities and officers and agencies of the Commonwealth, but the term does not include any political subdivision, municipal or other local authority, or any officer or agency of any such political subdivision or local authority.

42 Pa.C.S. § 102.

Here, Bradley levied her whistleblower claim[6] against two Commonwealth entities—PASSHE and the University—thereby bestowing on this Court exclusive, original jurisdiction over her claim pursuant to Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1). *See* O.R., Complaint at 6-7, ¶¶ 14-15 & 20; *see also Cooper v. Pa. State Athletic Conference*, 841 A.2d 638, 640 (Pa. Cmwlth. 2004) (citing *E. Stroudsburg Univ. v. Hubbard*, 591 A.2d 1181 (Pa. Cmwlth. 1991)) (noting, "[i]t is undisputed that [PA]SSHE is an agency of the Commonwealth government" for purposes of this Court's original jurisdiction); *E. Stroudsburg Univ. v. Hubbard*, 591 A.2d 1181, 1184 (Pa. Cmwlth. 1991) (citing *Beaver v. Ortenzi*, 524 A.2d 1022 (Pa. Cmwlth. 1987)) (stating, with regard to this Court's original jurisdiction, that "[t]he identity of [a] University [within PASSHE] as a Commonwealth agency is not in dispute").

Bradley also named the following five individual Defendants:

- Dr. Gregory R. Weisenstein, System employee and the University's President and Chief Executive Officer. Responsibilities included, among other things, developing the University's strategic plan, establishing its policies, managing its day-to-day operations, and presenting operating budgets to the University's Council of Trustees for approval.

- Lawrence A. Dowdy, PASSHE employee and Executive Deputy to the University President, as well as a Member of the University's Administrative Budget Committee.

---

[6] Section 4(a) of the Pennsylvania Whistleblower Law does not delineate which courts have original jurisdiction over whistleblower claims, but rather provides that "[a] person who alleges a violation of this act may bring a civil action *in a court of competent jurisdiction* for appropriate injunctive relief or damages, or both, within 180 days after the occurrence of the alleged violation." 43 P.S. § 1424(a) (emphasis added).

7

- Lois M. Johnson, PASSHE employee and Associate Vice Chancellor for Administration and Finance in the Office of the Chancellor of the PASSHE. Responsibilities included budget planning and reporting to the PASSHE Chancellor.

- Ginger Coleman, PASSHE employee and Budget Planning/Analysis Manager for Administration and Finance in the PASSHE Office of the Chancellor. Responsibilities included budget planning and reporting to Johnson.

- Mark G. Pavlovich,[7] PASSHE employee, Vice President of Advancement and Sponsored Research and voting member of the Administrative Budget Committee.

*See* O.R., Complaint at 6-7, ¶¶ 16-18 & 21-22.  Section 761(c) of the Judicial Code provides that this "Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction." 42 Pa.C.S. § 761(c).  Therefore, we decline to address whether each individually named defendant is an officer of the Commonwealth for purposes of this Court's original jurisdiction, because, irrespective of their status, we may exercise ancillary jurisdiction over Bradley's whistleblower claim with respect to these Defendants.[8]  *See Bowers v. T-Netix*, 837 A.2d 608, 614 (Pa. Cmwlth. 2003)

---

[7] We note that Mark G. Pavlovich was omitted from the caption of the Complaint but is named in the body of the Complaint and the Civil Cover Sheet as a defendant in this matter.  *See* O.R., Complaint at 1 & 7, ¶ 18; O.R., Civil Cover Sheet at 2.

[8] Officers of the Commonwealth for purposes of this Court's original jurisdiction under Section 761(a)(1) of the Judicial Code, 42 Pa.C.S. § 761(a)(1), may include "those persons who perform state-wide policymaking functions and who are charged with responsibility for independent initiation of administrative policy regarding some sovereign function of state

8

(noting petitioner's claims against a Commonwealth agency as a potential basis for exercising ancillary jurisdiction over petitioner's related statutory claims against a private company pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c)); *Reider v. Bureau of Corr.*, 502 A.2d 272, 274 (Pa. Cmwlth. 1985) (exercising jurisdiction over petitioner's claims against Bureau of Corrections employees as "ancillary to the claims against Commonwealth parties" pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c), where petitioner filed a petition for review addressed to this Court's jurisdiction challenging the denial of prerelease status by the Bureau); *Long v. Kistler*, 457 A.2d 591, 592 & 594 (Pa. Cmwlth. 1983) (holding, in a case where this Court had original jurisdiction over an action challenging a Commonwealth entity's determination of an assessed value to fair market value ratio, that claims against the school district for assessing unequal taxes as a result of using this ratio were "clearly ancillary" to the action against the Commonwealth entity and thus could "properly [] be presented to this Court").

Similarly, although Bradley's torts claims, against all Defendants, would typically fall within the original jurisdiction of the trial court as "actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity" for purposes of Section 761(a)(1)(v) of the Judicial Code, 42 Pa.C.S. § 761(a)(1)(v), Section 761(c) also extends our jurisdiction to those claims. As this Court has exclusive, original jurisdiction over Bradley's whistleblower claim against the University and PASSHE pursuant to Section 761(a), it has ancillary jurisdiction over the related tort claims raised in the same complaint under Section 761(c). *See Bowers v. T-Netix*, 837 A.2d 608, 614

---

government." *Balshy v. Rank*, 490 A.2d 415, 417–18 (Pa. 1985) (quoting *Opie v. Glasgow, Inc.*, 375 A.2d 396, 398 (Pa. Cmwlth. 1977)).

(Pa. Cmwlth. 2003); *Reider*, 502 A.2d at 274; *Long*, 457 A.2d at 592. As such, all three claims should have been transferred by the trial court to this Court pursuant to Section 5103(a) of the Judicial Code, which provides:

> A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth *shall be transferred* by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a) (emphasis added). Thus, based on the foregoing, the trial court lacked subject matter jurisdiction over the matter.

An action is null and void for purposes of appellate review if the trial court lacked subject matter jurisdiction. *Grimm v. Grimm*, 149 A.3d 77, 85 (Pa. Super. 2016). Thus, "if the court below lacked subject matter jurisdiction, its order is void." *Danysh*, 833 A.2d at 152 (vacating order of court of common pleas with respect to claim over which the court lacked subject matter jurisdiction, as original jurisdiction in fact lay with this Court); *see also Davis v. City of Philadelphia*, 702 A.2d 624, 625-27 (Pa. Cmwlth. 1997) (deeming void and vacating judgment of non pros where court of common pleas lacked subject matter jurisdiction to enter judgment based on plaintiff's failure to appear at arbitration hearing); *Pisano v. Se. Pa. Transp. Auth.*, 673 A.2d 442, 443 (Pa. Cmwlth. 1996) (deeming void and vacating judgment of non pros entered by court of common pleas for same reasons stated in *Davis*); *Grimm*, 149 A.3d at 77 (vacating trial court's judgment of non pros where trial court lacked subject matter jurisdiction over plaintiff's claims at the time

10

it entered judgment, because defendant had died and no personal representative had been substituted in his place). As the trial court lacked subject matter jurisdiction over Bradley's claims at the time it entered judgment of non pros, we, therefore, find that the non pros judgment is void and the trial court was without jurisdiction to enter an order upon the Petition.[9]

Accordingly, we vacate the trial court's December 5, 2018 order denying Bradley's Petition, vacate the judgment of non pros, and will docket the matter as a petition for review in this Court's original jurisdiction.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[9] Defendants point out that in our unreported decision of *Vance v. Cheyney* (Pa. Cmwlth., No. 1751 C.D. 2017, filed Dec. 7, 2018), the trial court did not transfer Vance's statutory and tort claims accompanying her whistleblower claim as ancillary to the whistleblower claim pursuant to Section 761(c) of the Judicial Code, 42 Pa.C.S. § 761(c). *See Vance*, slip op. at 3-4 & 15. However, our decision did not address ancillary jurisdiction. Therefore, it is inapposite.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Colleen M. Bradley,                             :
                    Appellant                   :
                                                :
            v.                                  :
                                                :
West Chester University, Lawrence               :
A. Dowdy, Greg R. Weisenstein,                  :
Pennsylvania State System of Higher             :
Education, Lois M. Johnson,                      :      No. 368 C.D. 2019
Ginger Coleman                                  :


## O R D E R


AND NOW, this 10th day of January, 2020, the December 5, 2018 order of the Court of Common Pleas of Philadelphia County (trial court) is vacated, and the trial court's order dated December 20, 2016 entering judgment of non pros is also vacated. The Prothonotary of the Commonwealth Court is directed to docket this matter as a petition for review in this Court's original jurisdiction.


_____
CHRISTINE FIZZANO CANNON, Judge