John T. **ROBINSON**

v.

The **COUNTY OF SNYDER; Robert H. Reigle, Guy E. Mitterling and Gregory L. Shambach, Commissioners of Snyder County; and Paula S. Snook, Treasurer of Snyder County, Appellants.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1995.
Decided Aug. 22, 1995.

Edward G. Mihalik, Jr., for appellants.

John T. Robinson, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and NEWMAN, JJ.

COLINS, President Judge.

The County of Snyder, Robert H. Reigle, Guy E. Mitterling, and Gregory L. Shambach, Commissioners of Snyder County, and Paula S. Snook, Treasurer of Snyder County (County) (collectively appellants), appeal from the August 30, 1994 order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Snyder County Branch (Common Pleas). The Common Pleas order (1) granted, in part, a motion for summary judgment filed by appellee, District Attorney John T. Robinson (Robinson); (2) determined that Robinson, as a part-time district attorney for Snyder County (a seventh-class county), was entitled to the same salary increases as other "county row officers" pursuant to Section 10.1 of the Act of November 1, 1971, P.L. 495, added by the Act of November 1, 1979, P.L. 246, *as amended,* (the Act), 16 P.L. § 11011–10.1,[1] and that such salary increases were to be reflected in Robinson's salary from 1988 through 1995, notwithstanding the forty percent fixed percentage salary provisions of Section 5 of the Act, 16 P.S. § 11011–5.[2]

Robinson, a part-time district attorney for Snyder County since January 1980, was elected to successive terms beginning in 1984, 1988, and 1992. The record indicates that the district attorney's salary at the beginning of 1988 was increased to $32,000.00, which represented forty percent of the $80,-000.00 salary paid to County common pleas judges in 1987. However, the record also shows that the district attorney did not receive any percentage-based salary increase for the years 1988, 1989, 1990, and 1991, but that in December of 1992, the County common pleas judicial salary was increased to $90,000.00.

Robinson filed an action for declaratory judgment with Common Pleas, seeking a ruling that appellants had improperly deprived him of both state-mandated salary increases and yearly salary increases. Appellants and Robinson filed respective motions for summary judgment, which were granted in part and denied in part by Common Pleas' August 30, 1994 order. In its well-reasoned opinion, Common Pleas noted that pursuant to Article 3, Section 27 of the Pennsylvania Constitution, the salary of the district attorney as a public officer cannot be increased during a given term of office, but only prior to commencement of said term, and that in Robinson's case, the effective date of any increase would be his next term of office. Accordingly, Common Pleas granted appellants' summary judgment motion insofar as to deny Counts I and II of Robinson's complaint that would have allowed him to receive salary increases during his term of office. At the same time, however, Common Pleas denied appellants' summary judgment motion as to Count III of Robinson's complaint on the basis that appellants had failed to give Robinson the percentage-based salary increases afforded to other county officers and to which he was entitled under Section 10.1 of the Act.

After extensive consideration of the Legislature's intent and interpretive problems of reconciling the statutorily allowed salary increases of Section 10.1 of the Act with the

---

1. 16 P.S. § 11011–10.1 provides, in pertinent part, as follows:

(a) From and after the effective date of this section, the county commissioners shall have the power to fix the salary of all county officers governed by the provisions of this act.

(b) Salaries for all county officers governed by the provisions of this act shall be fixed by the county commissioners in the following manner:

. . . .

(c) The county commissioners shall not reduce the salary of any county officer below the amount set forth in this act.

(d) No new salary schedule shall be adopted in a calendar year in which the county commissioners are to be elected.

(e) Any salary increase shall be on a percentage basis and applied equally to all county officials except that the county commissioners may provide a greater percentage salary increase to the lowest paid county official, other than the jury commissioners or county auditor, until his salary is equal to the other county officials except the jury commissioners, county auditors, district attorneys.

2. 16 P.S. § 11011–5 provides, in pertinent part, as follows:

The annual salaries of part-time district attorneys shall be as follows: ... in a county of the seventh or eighth class, the salary shall be forty per cent of the annual salary payable to the judge of the court of common pleas.

forty percent salary provision of Section 5 of the Act, Common Pleas concluded that the Legislature did not intend to exclude a part-time district attorney from the salary increases given other county officers. Therefore, on August 30, 1994, Common Pleas issued an order listing the district attorney's salary levels to reflect appropriate increases for the years from 1988 through 1995. This appeal followed.

■ In reviewing the granting of a motion for summary judgment, this Court's scope of review is limited to determining whether the trial court committed an error of law or manifestly abused its discretion. *Benson v. City of Philadelphia,* 146 Pa.Commonwealth Ct. 388, 606 A.2d 550, *petition for allowance of appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

Appellants argue that Common Pleas erred in denying its summary judgment motion as to Count III of Robinson's complaint which decision, they aver, is tantamount to making the general provisions of Section 10.1 of the Act supersede the specific provisions of Section 5 of the Act that provide for nondiscretionary, fixed percentage salary levels of part-time district attorneys of seventh-class counties. Appellants further contend that Common Pleas' decision paves the way for excessive levels of compensation never intended by the legislature for small counties like Snyder.

In rebutting appellants' arguments, Robinson argues that Common Pleas properly found that (1) as part-time Snyder County district attorney, he was entitled to the same salary increases provided to other county officers under Section 10.1 of the Act, and (2) that the use of the word "shall" in Section 5 of the Act was not mandatory so as to freeze Robinson's salary at forty percent of the County common pleas judicial salary. In this regard, Robinson maintains that the statute is clear and unambiguous on its face as to intended salary increases for all county officers, and that appellants have failed to establish any legislative intent to exclude part-time district attorneys from this category.

■ After review of the record, we agree. Common Pleas, in its opinion, observed that the County's establishment of percentage-based salary increases for 1988, 1989, 1990, and 1991, occurred in December of 1986, prior to the General Assembly's adoption of the 1987 amendment to Section 5 of the Act containing the forty percent salary provision. Common Pleas further noted that prior to the 1987 amendment, Section 5 of the Act provided for a salary increase for seventh-class county district attorneys from $13,-500.00 to $16,500.00, effective January 1, 1980, and that this increase was established by the same act that established the original Section 10.1 provisions regarding percentage-based salary increases. It is reasonable to infer, as did Common Pleas, that the Legislature not only intended to set salary levels of county officers, but also intended to provide a means for county commissioners to increase those salaries. In consideration of the Legislature's intent, therefore, Common Pleas aptly concluded that the "shall be" language of Section 5 of the Act should properly be construed as directory rather than mandatory.

Even more significant is the fact that although the aforementioned 1987 amendment sets forth the forty percent salary provision, it does not contain any language indicating that the percentage-based salary increases of Section 10.1 of the Act were inapplicable to the district attorney's salary. The issue of determining what statutory language says versus what it does not say arises frequently, as in *East Stroudsburg University v. Hubbard,* 140 Pa.Commonwealth Ct. 131, 591 A.2d 1181 (1991), wherein we noted the following:

> This Court recognizes that '[w]here some things are specifically designated in a statute, things omitted should be understood as having been excluded; this principle is that expressed by the maxim "expressio this est exclusio alterius." ' *Samilo v. Insurance Department,* 98 Pa.Commonwealth Ct. 232, 234–235, 510 A.2d 412, 413 (1986).

*Id.* at 138, 591 A.2d at 1185.

In the present case, notwithstanding the Legislature's intent to provide for salary increases for all county officers pursuant to Section 10.1 of the Act, appellants are at-

tempting to substitute their own salary recommendations for Snyder County officers based on a narrow interpretation of Section 5 of the Act that would exclude part-time district attorneys from equality of treatment. Unarguably, this contravenes recognized principles of statutory construction and the fact that the "Statutory Construction Act requires that every statute 'shall be construed, if possible, to give effect to all its provisions.' 1 Pa.C.S. § 1921(a)." *Allegheny Education Association v. North Hills,* 155 Pa.Commonwealth Ct. 211, 217, 624 A.2d 802, 805 (1993), *petition for allowance of appeal denied,* 538 Pa. 628, 646 A.2d 1181 (1994). Moreover, the mandates of statutory construction dictate that

> [s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same classes of persons or things, and, ... statutes in pari materia are to be construed together, if possible, as one statute. Section 1932 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932. One presumption relating to construction is that when the legislature adopts a statute it does so with full knowledge of existing statutes relating to the same subject.

*Hutskow v. Washowich,* 156 Pa.Commonwealth Ct. 655, 665, 628 A.2d 1202, 1207 (1993). In the matter now before us, construing Section 10.1 of the Act in conjunction with Section 5 of the Act is consistent with the Legislature's intent not to exclude district attorneys from the percentage-based salary increases given to other County officers.

In consideration of the foregoing discussion, we find no error of law or abuse of discretion on the part of Common Pleas, and, accordingly, we affirm its August 30, 1994 order.

1. Act of November 1, 1971, P.L. 495, added by the Act of November 1, 1979, P.L. 246, *as amended,* (the Act), 16 P.S. § 11011–10.1.

2. Section 1921 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921 (emphasis added), states in pertinent part:
   (a) .... Every statute shall be construed, if possible, to give effect to all its provisions.

## ORDER

AND NOW, this 22nd day of August, 1995, the order of the Court of Common Pleas of the 17th Judicial District of Pennsylvania, Snyder County Branch, in the above-captioned matter is affirmed.

FRIEDMAN, JUDGE, concurring.

I concur in the result reached by the majority; however, I write separately because although the majority agrees with Robinson that a part-time district attorney is entitled to the same salary increases as other county officials under the clear and unambiguous language of Section 10.1 of the Act,[1] (majority op. at 654), the majority appears to base its decision on legislative intent rather than the plain meaning of the statutory language.

Unlike the majority, I do not believe that an extensive consideration of legislative intent is necessary here. To the contrary, I believe that there are no interpretation problems to be reconciled in this case and that a determination can be made here merely by looking at the plain language of Section 10.1 of the Act, 16 P.S. § 11011–10.1.[2]

Section 10.1 of the Act, 16 P.S. § 11011–10.1, provides, in pertinent part, as follows:

(a) From and after the effective date of this section, the county commissioners shall have the power to fix the salary of all county officers governed by the provisions of this act.

(b) Salaries for all county officers governed by the provisions of this act shall be fixed by the county commissioners in the following manner:

. . . .

(c) The county commissioners shall not reduce the salary of any county officer below the amount set forth in this act.

. . . .

(b) When the words of a statute are clear and free from all ambiguity, the *letter of it is not to be disregarded* under the pretext of pursuing its spirit.
(c) When the words of the statute are *not explicit,* the intention of the General Assembly may be ascertained. . . .

(e) Any salary increase shall be on a percentage basis and applied equally to all county officials . . . .

Quite clearly, Section 10.1(a) of the Act, 16 P.S. § 11011–10.1(a), gives the county commissioners power to fix the salary of "all county officers governed by the provisions of this act". Because the district attorney is a county officer governed by the provisions of the act, the county commissioners have the power to fix the salary for the office.

Section 10.1(c) of the Act, 16 P.S. § 11011–10.1(c), however, states that the county commissioners "shall not reduce the salary of any county officer below the amount set forth in this act." In other words, the salaries established in the Act are *minimum* salaries. Thus, the minimum salary for a part-time district attorney in a seventh class county "shall be forty per cent of the annual salary payable to the judge of the court of common pleas." Section 5 of the Act, 16 P.S. § 11011–5. Obviously, if the legislature increases the salary of a common pleas court judge, the county commissioners would have to raise the salary of the district attorney to comply with Sections 5 and 10.1(c) of the Act.

In addition, Section 10.1(e) of the Act, 16 P.S. § 11011–10.1(e) (emphasis added), provides that "*[a]ny* salary increase shall be on a percentage basis and applied equally to *all* county officials". Thus, if the county commissioners increase the district attorney's salary to comply with Sections 5 and 10.1(c) of the Act, the county commissioners must also raise the salaries of other county officials by the same percentage. Moreover, if the county commissioners choose to increase the salaries of county officials for any other reason, they must raise the district attorney's salary.[3]

Because the clear and unambiguous language of Section 10.1 of the Act indicates that Robinson is entitled to a minimum salary of 40% of the amount paid to a common pleas judge and is also entitled to any salary increase given to other county officials, I would affirm the decision of the trial court on these grounds without delving into legislative intent.

KELLEY, Judge, dissenting.

I respectfully dissent. The majority affirms what I believe to be an erroneous construction of the relevant statutes.

I believe that the conclusion reached by the majority constitutes an absurd result which was never intended by the General Assembly and which is contrary to the very language of the law.

When Act 1987–74 was enacted, it struck from statute the specific numerical salary figure then existing for part-time district attorneys for each of the counties, Second, Second Class A through Eighth Class. The Act then substituted, not a fixed salary, but a percentage of the salary of a judge of the court of common pleas.

I believe that the only reasonable construction for the elimination of a fixed salary, and the substitution therefore of a percentage of a judge's salary, which is exclusively controlled by a separate Act by the General Assembly, is reliance upon the application of Act 1979–82, which states in pertinent part as follows:

> (b) Salaries for all County Officers governed by this provision of the Act shall be *fixed* by the County Commissioners in the following manner: (Emphasis added.)

Act 1987–74 no longer fixed the salary of part-time district attorneys. The establishment of the salary for part-time district attorneys was by separate act fixing the salary of common pleas judges, not part-time district attorneys.

Accordingly, I conclude that it is an absurdity to believe that the General Assembly intended for the salary of part-time district attorneys to be subject to both the discretion of the County Commissioners and the General Assembly simultaneously. I believe a reading of the acts requires that the word "fixed" and the use of a percentage of the salary of common pleas judges clearly makes

---

**3.** I note that Article 3, Section 27 of the Pennsylvania Constitution prohibits public officers from receiving salary increases during a term of office.

the reading of these statutes logical and consistent.

Therefore, I respectfully dissent.

PELLEGRINI, J., joins in this dissenting opinion.