**James P. MacELREE, II, Appellant,**

v.

**CHESTER COUNTY, Joseph J. Kenna, Karen L. Martynick, Andrew E. Dinniman, The Chester County Pension Board, Tracy Massey, and Joseph Carpenter.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1995.
Decided Nov. 13, 1995.

Gerald F. McCormick, for appellant.

Kate Connor–Garand, for appellees.

Before COLINS, President Judge, DOYLE, McGINLEY, SMITH, FRIEDMAN, KELLEY and NEWMAN, JJ.

KELLEY, Judge.

The Honorable James L. MacElree (appellant), formerly a full-time district attorney in Chester County, Pennsylvania, appeals from an order of the Court of Common Pleas of Chester County (trial court). The trial court granted summary judgment in favor of Chester County (or county) in an action concerning the compensation of full-time district attorneys. We affirm.

Section 1401(g) of the County Code [1] authorizes commissioners of third and fourth class counties to make the office of the district attorney a full-time position, subject to certain requirements. One requirement is that the full-time district attorney "shall be compensated at one thousand dollars ($1,000) lower than the compensation paid to a judge of the court of common pleas in the respective judicial district." 16 P.S. § 1401(g).

The present controversy involves a dispute as to the meaning of the term "compensation" as employed in section 1401(g). We begin with a summary of the facts set forth by the trial court.

Appellant served as the elected full-time district attorney in Chester County, a third class county, from January 2, 1984 until December of 1992, at which time he was commissioned as a common pleas judge (judge) in Chester County.

1. Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. § 1401(g).

As full-time district attorney, appellant was remunerated at an annual rate of $1,000 less than the sum[2] paid to a judge in Chester County. At all times relevant to this appeal, appellant, as full-time district attorney, was a county officer[3] and was eligible for membership in the County Pension Fund.

In February of 1992, appellant requested that the Chester County Pension Board (or board)[4] adjust his compensation by providing him with pension benefits equivalent to the higher benefits payable to a judge upon retirement. The board denied this request.

In December of 1992, shortly before assuming his position as a judge, appellant bought into the county's retirement system by contributing his financial membership requirements due from his service as a full-time district attorney. He became vested in the county's retirement system.[5]

Appellant then commenced an action for declaratory and injunctive relief against the county and the five members of its pension board.[6] In his complaint, appellant alleged that his compensation for his work as a full-time district attorney was significantly less than the amount statutorily required. Complaint, R. at 3a–4a. The thrust of his argument was that under section 1401(g) of the County Code, he was entitled to compensation in an amount equal to the compensation paid to a judge, including pension or retirement benefits minus $1,000 per year. Both

appellant and the county filed cross-motions for summary judgment, and the trial court granted the county's motion. This appeal followed.[7]

Appellant presents three issues for our review. First, when a statute expressly provides that the compensation of a full-time district attorney shall be "$1,000 lower than the compensation of a judge of the court of common pleas," did the trial court commit an error of law in concluding that a county need not consider the value of a judge's pension benefits when calculating the compensation of the district attorney? Second, did the trial court commit an error of law by ignoring the common and approved usage of the phrase "compensation of a judge of the court of common pleas" as it appears in section 1401(g) of the County Code? Third, in granting summary judgment in favor of the county, did the trial court commit an error of law by ignoring the General Assembly's clearly expressed intention to make the office of a full-time district attorney quasi-judicial in nature and to provide that a full-time district attorney would receive virtually the same compensation as a judge?

■■■ Our scope of review is limited to a determination as to whether the trial court committed an error of law or abused its discretion in granting the county's motion for summary judgment.[8] *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002

---

**2.** The record indicates that as full-time district attorney, claimant received a salary of $1,000 less than the salary paid to a judge. *See, e.g.,* Complaint, Reproduced Record (R.) at 3a–4a.

**3.** Section 2 of the County Pension Law defines a county employee as "any person, whether elected or appointed, or who is employed by the county ... whose salary or compensation is paid in regular periodic installments ... from county monies." Act of August 31, 1971, P.L. 398, 16 P.S. § 11652(2).

**4.** Section 4 of the County Pension Law provides that the County Retirement System shall be administered by a five-member county retirement board. Three of the board's members are the county commissioners, and the other two members are the county controller and the county treasurer. *16 P.S. § 11654(a)–(b).*

**5.** Our review of the record indicates that at the time that appellant filed this appeal, he was not

actually receiving retirement benefits pursuant to the County Pension Law.

**6.** Hereinafter, all of the appellees will be referred to collectively as "county."

**7.** A brief for amicus curiae was filed by the Pennsylvania District Attorneys Association on behalf of appellant.

**8.** Summary judgment is properly granted where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law' ... 'The record must be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.' *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144–45, 615 A.2d 303, 304 (1992) (citations omitted).

(1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994).

■ As county employees, district attorneys are members of the County Retirement System. The County Pension Law is the enabling statute under which the system was created and is maintained.[9] Judges, on the other hand, are state employees and members of the State Employees' Retirement System.[10] In essence, appellant is arguing, based on section 1401(g) of the County Code, that the county should provide its district attorney with the same pension benefits that the state provides for common pleas judges.

In relevant part, section 1401(g) of the County Code provides:

§ 1401. District attorney; qualifications; eligibility; compensation

(g) The commissioners of any county may by ordinance fix the services of the district attorney at full-time.

When the determination by the county commissioners to require a full-time district attorney becomes effective and operative, he shall be compensated at one thousand dollars ($1,000) lower than the compensation paid to a judge of the court of common pleas in the respective judicial district. It is the legislative intent that all provisions of this subsection requiring full-time service shall be unenforceable until such time as the accompanying salary provisions take effect.

Such district attorney shall devote full time to the office. The district attorney while in office, shall not derive any other income as a result of honorariums, profit shares or divisions of income from any firm with which the district attorney was associated prior to election. This limitation shall not be construed, however, to preclude payment of fees earned for legal work done prior to, but not concluded until after his election as district attorney. In addition the district attorney shall not engage in any private practice and must be complete-

ly disassociated with any firm with which the district attorney was affiliated prior to election, nor shall the district attorney-elect accept any civil or criminal cases after being elected to the office. Furthermore, the district attorney shall be subject to the canons of ethics as applied to judges in the courts of common pleas of this Commonwealth in so far as such canons apply to salaries, full-time duties and conflicts of interest.

16 P.S. § 1401(g).

■ A determination as to the statutory definition of the term "compensation" is essential to the resolution of this dispute. Where the language of a statute is clear, words and phrases contained in the statute must be construed in accordance with their common and accepted usage. 1 Pa.C.S. § 1903(a); *San Van, Inc. v. School District of Derry Township*, 160 Pa.Commonwealth Ct. 483, 635 A.2d 254 (1993), *petition for allowance of appeal denied*, 537 Pa. 655, 644 A.2d 740 (1994). However, where the statute is not entirely free from ambiguity, it is necessary to apply relevant provisions of the Statutory Construction Act of 1972 (or Act).[11] *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Beer & Pop Warehouse, Inc.*, 145 Pa.Commonwealth Ct. 355, 603 A.2d 284 (1992).

Section 1921(a) of the Act provides that the object of statutory interpretation and construction is to ascertain and effectuate the intent of the General Assembly and to give effect to all provisions of the statute. 1 Pa.C.S. § 1921(a). Where the statute is not explicit, a court seeking to ascertain the intent of the General Assembly may consider the following:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

---

9. 16 P.S. §§ 11651–11682.

10. Judges' retirement benefits are calculated in accordance with terms of The State Employees' Retirement Code, 71 Pa.C.S. §§ 5101–5956. Section 5102 of this Code defines a "state employee" as a "person holding a state office or

position under the Commonwealth, employed by state government of the Commonwealth in any capacity whatsoever...." 71 Pa.C.S. § 5102.

11. 1 Pa.C.S. §§ 1501—1991.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c); *Young v. Insurance Department*, 145 Pa.Commonwealth Ct. 587, 604 A.2d 1105 (1992).

Section 1922 of the Act sets forth presumptions that may be employed in ascertaining the intent of the General Assembly. These presumptions are as follows:

(1) That the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable.

(2) That the General Assembly intends the entire statute to be effective and certain.

(3) That the General Assembly does not intend to violate the Constitution of the United States or of this Commonwealth.

(4) That when a court of last resort has construed the language used in a statute, the General Assembly in subsequent statutes on the same subject matter intends the same construction to be placed upon such language.

(5) That the General Assembly intends to favor the public interest as against any private interest.

1 Pa.C.S. § 1922.

Appellant contends that the language of section 1401(g) of the County Code is clear and that the trial court committed an error of law by ignoring the common and approved usage of the phrase "compensation paid to judges of the court of common pleas." Appellant premises this argument on his belief that the term "compensation" as it appears in section 1401(g) encompasses pension benefits as well as salary. Appellant relies on a number of decisions in which Pennsylvania appellate courts have recognized pension or retirement benefits as a component of com-

pensation for limited purposes. *See, e.g., Goodheart v. Casey,* 521 Pa. 316, 555 A.2d 1210 (1989); *Klein v. Employees' Retirement System,* 521 Pa. 330, 555 A.2d 1216 (1989); *Bellomini v. State Employees' Retirement Board,* 498 Pa. 204, 445 A.2d 737 (1982); *Busser v. Snyder,* 282 Pa. 440, 128 A. 80 (1925).

Admittedly, each of these cases contains some language that, if taken out of context, could be perceived as support for appellant's argument. A closer reading of these cases, however, indicates that appellant's reliance on this line of authority is misplaced.

In *Bellomini,* former state employees who had been convicted of or had pled guilty to crimes related to their public employment contested the denial of their retirement benefits under the Public Employee Pension Forfeiture Act.[12] Reasoning that vested pension rights could not be affected by subsequent legislation, the Supreme Court ruled in favor of the employees.

In determining that the government/employer had a contractual obligation to provide benefits where services already had been provided, the Supreme Court reasoned that retirement benefits were "deferred compensation for service actually rendered in the past." *Bellomini,* 498 Pa. at 209, 445 A.2d at 739. The sentence containing this reference was completed with the phrase "although the prevailing view in a majority of the states is that pension benefits are mere gratuities ... subject to change at the whim of a munificent governmental employer." *Id.*

Thus, *Bellomini* provides that where retirement benefits are specifically promised and where rights to such benefits have become vested, a government employer may not subsequently deprive an employee of benefits that he or she has earned. *Bellomini,* however, cannot be construed as authority for the proposition that all contractual or statutory references to the term "compensation" necessarily include pension benefits. *Bellomini,* therefore, is inapplicable to the present matter.

For similar reasons, we find that *Busser, Goodheart,* and *Klein* do not support claim-

---

**12.** Act of July 8, 1978, P.L. 752, 43 P.S. §§ 1311—1315.

ant's argument. In *Busser*, the Supreme Court's recognition of retirement benefits as delayed compensation served to dispel the notion that retirement acts are based on benevolence.

The *Goodheart* court emphasized that retirement benefits were part of total compensation in order to illustrate the impropriety of legislation reducing pension benefits of common pleas judges assuming office after a certain date. In *Goodheart*, the General Assembly had already determined that certain retirement benefits were available to judges. Therefore, the Supreme Court reasoned that the General Assembly was required to adhere to its own mandate by providing comparable benefits to all common pleas judges. *Id.*

In *Klein*, the Supreme Court simply acknowledged that where retirement benefits were part of a judge's compensation package, a system providing for disparate pension benefits was incompatible with the concept of a unified judicial system.

As illustrated by the examples presented, most of the cases cited by appellant required determinations as to whether pension rights that were already vested could be rescinded. Thus, in the above cases, the Supreme Court's analyses of the relationship between the terms "compensation" and "retirement benefits" were conducted for purposes entirely unrelated to the issue presented here.

These cases establish that where certain contractual rights exist, retirement benefits are considered an element of compensation rather than a mere gratuity. However, the narrow focus of the inquiry in each of these cases precludes the inference that a widely applicable definition of the term "compensation" as found in section 1401(g) of the County Code would encompass pension benefits. Accordingly, we disagree with claimant's assertion that the trial court ignored the common and accepted usage of the phrase "compensation paid to judges."

Next, appellant argues that the trial court erred in determining that the General Assembly did not intend to provide full-time district attorneys with the same pension benefits that judges receive upon retirement.

The trial court's decision was based, in part, on its observation that the General Assembly used the terms "compensate," "compensation," and "salary" interchangeably within section 1401(g) of the County Code. Appellant disagrees that the terms were used interchangeably. Maintaining that the General Assembly carefully selected each word in order to ensure precision, appellant attempts to convince this court that his interpretation of the term "compensation" as employed in section 1401(g) is consistent with the intent of the General Assembly.

The term "compensation" appears in section 1401(g) before the term "salary." Appellant believes that the General Assembly used the term "compensation" first because a broad term was necessary to mandate that the full-time district attorney's compensation must be $1,000.00 less than that of a judge.

Appellant further contends that the General Assembly's subsequent references to the term "salary" were appropriate. Specifically, appellant refers to two statements contained in section 1401(g). First, appellant refers to the directive that "provisions ... requiring full-time service shall be unenforceable until such time as the accompanying salary provisions take effect." Second, appellant refers to the mandate that "the district attorney shall be subject to the canons of ethics as applied to judges ... in so far as such canons apply to salaries, full-time duties and conflicts of interest."

With respect to these portions of the statute, appellant contends that the General Assembly's use of the word "salary" was indicative of its intent to distinguish between the terms "salary" and "compensation." Claimant's rationale is that both the requirement of full-time service and the limitations imposed by the canons of ethics apply only while the district attorney is in office, which is the period during which he or she receives "the salary component" of compensation.

Appellant suggests that a comparison of the language in section 1401(g) of the County Code with that of now repealed section 5 of

the Act of November 1, 1971 [13] further illustrates the General Assembly's understanding of "compensation" and "salary" as separate and distinct terms. In pertinent part, section 5 of this Act provided:

**Part-time district attorneys; salaries.**

The annual salaries of part-time district attorneys shall be as follows: In counties of the third or fourth class, the salary shall be sixty per cent of the annual salary payable to the judge of the court of common pleas; in a county of the fifth or sixth class, the salary shall be fifty per cent of the annual salary payable to the judge of the court of common pleas; and in a county of the seventh or eighth class, the salary shall be forty per cent of the annual salary payable to the judge of the court of common pleas.

Appellant contends that the use of the term "salary" in this provision clarifies that the General Assembly intended that a part-time district attorney would receive a salary, while a full-time district attorney would receive "compensation" in the amount of $1,000 less than that which a judge receives.

We find these arguments unpersuasive. Our application of principles of statutory construction compels us to conclude that the General Assembly did not intend for a full-time district attorney to receive pension benefits equivalent to those of a judge in the same county.

■ In construing statutes, a court may presume that when the General Assembly adopts a statute it does so with full knowledge of existing statutes pertaining to the same subject. *Hutskow v. Washowich,* 156 Pa.Commonwealth Ct. 655, 628 A.2d 1202, *petition for allowance of appeal denied,* 536 Pa. 633, 637 A.2d 293 (1993). Thus, when the General Assembly adopted section 1401(g) in 1976, it presumably was fully aware of the County Pension Law, which was enacted in 1971.

Although the General Assembly did not define the term "compensation" in section 1401(g) of the County Code, it did define the term in section 2 of the County Pension Law. The definition is as follows:

(4.1) "Compensation" means pickup contributions plus remuneration received as a employe excluding refunds for expenses, contingency and accountable expense allowances and excluding severance payments or payments for unused vacation or sick leave.

16 P.S. § 11652(4.1).

■ As the trial court correctly stated, statutes or parts of statutes relating to the same class of persons are *in pari materia* and, therefore, should be construed together as one statute. *See* 1 Pa.C.S. § 1932; *see also Hutskow.* Accordingly, provisions of the County Code and County Pension Law should be construed together as both relate to county employees. In light of this rule, we believe that interpretations of the term "compensation" as employed in section 1401(g) of the County Code are limited by the definition set forth in section 2 of the County Pension Law.

■ Further, although a determination as to legislative intent may not be based solely upon the title and preamble of a statute, courts may consult the title and preamble as part of the statutory construction process. 1 Pa.C.S. § 1924; *Commonwealth v. Magwood,* 503 Pa. 169, 469 A.2d 115 (1983). The preamble to the Act of June 24, 1976, P.L. 443,[14] which amended the County Code, provides:

Amending the act of August 9, 1955 (P.L. 323, No. 130), entitled "An act relating to counties of the third, fourth, fifth, sixth, seventh, and eighth classes; amending, revising, consolidating and changing the laws relating thereto," providing for annual assessments for district attorneys' associations and providing for a full-time district attorney in certain instances in third and

---

**13.** P.L. 495, *as amended,* 16 P.S. § 11011–5, repealed by the Act of November 23, 1994, P.L. 640. The Act of November 1, 1971 was entitled "An act providing for the compensation of county officers in counties of the second through eighth classes, for the disposition of fees, for filing of bonds, in certain cases and for duties of

certain officers." This statute was in effect when the events giving rise to this lawsuit occurred.

**14.** It was through this Act that section 1401(g) was added to the County Code.

fourth class counties, setting his salary and making repeals.

As indicated by the trial court, the General Assembly's use of the term "salary" in the preamble strengthens the argument that "salary" and "compensation" were intended to be used interchangeably.

Next, appellant argues that the quasi-judicial nature of the district attorney's position warrants a determination that the General Assembly intended to provide equivalent pension benefits for common pleas judges and full-time district attorneys. In support of this argument, appellant reminds us that full-time district attorneys are restricted from earning additional income and that their responsibilities exceed those of an advocate. In addition, appellant points out that an elected district attorney must "confront the hazards of partisan politics" every four years and, therefore, has less job security than a judge. Accordingly, appellant argues that as a matter of public policy, the General Assembly had an incentive to provide full-time district attorneys with the pension benefits of a judge.

We are not persuaded by this argument. There is nothing in section 1401(g) to suggest that the General Assembly had any intent to confer either judicial or quasi-judicial status upon the district attorney. Accordingly, we have no basis for considering such a remote possibility.

■ For some time, courts have recognized the maxim *"expressio unius est exclusio alterius"* as an aid to statutory construction. The maxim means that "the expression of one thing is the exclusion of another." Black's Law Dictionary 521 (5th ed. 1981).

Applying this maxim to the section 1401(g) of the County Code, the trial court observed that the General Assembly provided specifications regarding the responsibilities and restrictions imposed upon a full-time district attorney. For instance, the General Assembly specifically stated that the district attorney may not engage in private practice. Thus, we believe that if the General Assembly had intended to provide district attorneys with judicial pension benefits, it would have included this specification in the statute as

well. Furthermore, we are convinced that if the General Assembly had contemplated such a drastic change in the administration of pension benefits, it would have expressly authorized the County Pension Board to carry out its mandate.

■ We reiterate that district attorneys are county employees whose pension benefits are determined by the terms of the County Pension Law. As noted previously, a five-member board is responsible for the administration of the system. As fiduciaries, board members are required to act within the parameters of the County Pension Law. Board members may adopt rules to give effect to the will of the General Assembly as expressed in the statute; however, they do not possess the power to make laws. *See Firemen's Relief Association of Washington v. Minehart*, 430 Pa. 66, 241 A.2d 745 (1968) (articulating the standard for prescribing administrative rules); *see also McKinley v. State Board of Funeral Directors*, 11 Pa.Commonwealth Ct. 241, 313 A.2d 180 (1973).

Pursuant to section 1922(1) of the Statutory Construction Act, a court may presume that the General Assembly did not intend a result that is incapable of execution. 1 Pa. C.S. § 1922(1). In the absence of enabling legislation, the result advocated by appellant would not be amenable to execution.

Neither the County Pension Law nor any other statute authorizes the board to increase the benefits of a full-time district attorney. At the time of the enactment of section 1401(g) of the County Code, the General Assembly was aware of the limitations of the board's authority. Thus, we conclude that if the General Assembly had intended to provide full-time district attorneys with judicial pension benefits, it would have amended the County Pension Law or promulgated new legislation to effectuate its intent.

Finally, appellant argues that the trial court erred in finding that he was attempting to unilaterally and retroactively increase his pension benefits in violation of art. III, § 27 of the Pennsylvania Constitution. This constitutional provision expressly prohibits laws increasing the emoluments of a public officer

following his or her election or appointment. *See also Bakes v. Snyder*, 486 Pa. 80, 403 A.2d 1307 (1979). Appellant contends that he is not seeking a retroactive increase, but is merely requesting the enforcement of legislation that was already in place at the time that he assumed office. We disagree.

We remind appellant that section 1401(g) of the County Code has never before been interpreted as creating a right of entitlement to judicial benefits for full-time district attorneys. Thus, despite appellant's contentions to the contrary, he seeks more than mere enforcement of a law that was in place before he assumed office.

In light of the preceding discussion, we do not find that the trial court abused its discretion or committed an error of law. Accordingly, we affirm.

### ORDER

NOW, this 13th day of November, 1995, the order of the Court of Common Pleas of Chester County, dated March 2, 1994, at No. 92–08041, is affirmed.

McGINLEY, Judge, dissenting.

I respectfully dissent. I disagree with the majority's conclusion that the terms "compensation" and "salary" as used in 16 P.S. § 1401(g) were intended to be synonymous. I agree with the majority's assertion that Section 2 of the County Pension Law must be read *in pari materia* with the County Code to determine the meaning of the term "compensation". In my view, however, a full scrutiny of the County Pension Law requires a different result than the one reached by the majority.

Initially, I believe that the majority has erred by distinguishing the cases cited by appellant. I accept these cases for the proposition that "compensation", when used to describe a judge's compensation, includes salary and pension benefits. While *Klein* addressed the issue of whether a two-tiered system of retirement benefits for two classes of judges was in conflict with a constitutional mandate for a unified judicial system, and *Goodheart* examined an action brought challenging a reduction in pension benefits for

judges appointed after the 1974 code changes, each adopts the well-settled proposition that retirement benefits are part of a judge's total compensation. *See Klein*, 521 Pa. at 337–38, 555 A.2d at 1220; *Goodheart*, 521 Pa. at 321, 555 A.2d at 1212. With this in mind it is still necessary to determine the meaning of "compensation" as used in the County Code in reference to full time district attorneys. As Section 1401(g) of the County Code does not define "compensation", I agree with the majority that we must read that section *in pari materia* with the County Pension Law.

My analysis begins with Section 4 of the County Pension Law, 16 P.S. § 11654, which enables counties of the second class A through eighth class to establish a retirement system. Section 4(a) authorizes in pertinent part that "[a] retirement system may be established for *county employes* by resolution of the county commissioners...." 16 P.S. § 11654(a) (emphasis added). As the majority notes, Section 2 of the County Pension Law provides pertinent definitions.

Initially, paragraph (2) defines "county employe" as follows:

> 'County employe' means any person, whether elected or appointed, who is employed by the county, the county institution district, in the county prison or in any other institution maintained by the county from county moneys, or who is employed by any county or State official and paid by such official from moneys appropriated by the county for such purpose, whose salary or compensation is paid in regular periodic installments or from fees collected by his office, *but shall not*, except as hereafter provided, *include any person employed after the effective date of this act on a part-time basis.*

16 P.S. § 11652(2) (emphasis added). At this point, I believe a return to Section 1401(g) of the County Code illustrates that it specifically uses the term "compensation" when discussing full time district attorneys, and the term "salary" when discussing part-time district attorneys. The relevant portions of Section 1401(g) follow:

The commissioners of any county may by ordinance fix the services of the district attorney at full time....

When the determination by the county commissioners to require a *full time district attorney* becomes effective and operative, *he shall be compensated* at one thousand dollars ($1,000) lower than the *compensation* paid to a judge of the court of common pleas in the respective judicial district....

. . . . .

Notwithstanding the provision of any other statute, *the annual salaries of part-time district attorneys* shall be as follows:

. . .

16 P.S. § 1401(g) (emphasis added).

Further, Section 2 of the County Pension Law defines "compensation" as "pickup contributions plus remuneration received as a county employe excluding refunds for expenses, contingency and accountable expense allowances and excluding severance payments or payments for unused vacation or sick leave." 16 P.S. § 11652(4.1). Finally, "pickup contributions" are defined as, "regular member contributions which are made by the county on behalf of county employes for current service in accordance with section 7(c)[16 P.S. 11657]." 16 P.S. § 11652(14.1).

Accordingly, reading the relevant provisions of the County Pension Law *in pari materia* with Section 1401(g) of the County Code leads to a conclusion that the General Assembly did not intend to use the terms "compensation" and "salary" interchangeably when discussing full time district attorneys. I believe that the Legislature's use of the term "salary" when discussing part-time district attorneys reflects an intention that part-time employees not be included in the county retirement system. Conversely, the Legislature's use of the term "compensation" evinces their intent that, as county employes, full time district attorneys are to be accorded the full benefits of the county retirement system. Further, I note that Section 1401(g) of the County Code does not require that all district attorneys be made full time. When a county chooses to make the district attorney

full time, however, it is required to compensate him in accordance with Section 1401(g). Accordingly, I conclude that Section 1401(g) of the County Code provides that when a county chooses to make the position of district attorney a full time position, the county is required to pay salary and pension benefits at an amount that is one thousand dollars less than the salary and pension benefits paid to a judge of the court of common pleas in the respective judicial district. A simple enough accounting adjustment is all the County Pension Board must perform; certainly this is not a drastic change in the administration of pension benefits.

I would therefore reverse the decision of the trial court and remand this matter to the trial court with instructions to enter summary judgment in favor of appellant.

FRIEDMAN, Judge, concurring and dissenting.

I concur in the result reached by the majority here. However, I write separately because I can only agree with a portion of the reasoning expressed in the majority opinion. Moreover, I also agree, in part, with the reasoning in the dissent. Specifically, I question whether it was necessary for the majority to determine that the terms "compensation" and "salary," as used in section 1401(g) of the County Code,[1] were intended to be synonymous in order to reach the majority's final determination.

Section 1401(g) of the County Code provides in pertinent part:

When the determination by the county commissioners to require a full time district attorney becomes effective and operative, he shall be *compensated* at one thousand dollars ($1,000) lower than the *compensation* paid to a judge of the court of common pleas in the respective judicial district.

. . . .

Notwithstanding the provision of any other statute, the annual *salaries* of part-

1. Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 1401(g).

time district attorneys shall be as follows:....

16 P.S. § 1401(g) (emphasis added).

Appellant here, as a former full time district attorney, received a *salary* of $1,000 less than the *salary* paid to a judge. In his full time position, appellant was also a county employee eligible for membership in the County Retirement System. 16 P.S. § 11652(2). Based solely upon the concept that "compensation" as it appears in section 1401(g) encompasses pension benefits as well as salary, appellant argues that, as part of his compensation, he should be provided, not with county pension benefits, but with the higher state pension benefits payable to a judge upon retirement. While I do not dispute that appellant, as a full time district attorney, is entitled to compensation which includes both salary and pension benefits;[2] I earnestly challenge his claim that he is entitled to state rather than county pension benefits.

In coming to this conclusion, I agree with that portion of the dissent which, after considering relevant provisions of the County Pension Law, 16 P.S. §§ 11654(a), 11652(2) and 11652(14.1), states:

> the Legislature's use of the term "salary" when discussing part-time district attorneys reflects an intention that part-time employees not be included in the county retirement system. Conversely, the Legislature's use of the term "compensation" evinces their intent that, as county employees, full time district attorneys are to be accorded the full benefits of the *county retirement system.*

(Dissenting op. at 1197.) (Emphases added.) However, following this statement, the dissent goes on to ultimately conclude, based on section 1401(g), that when a county chooses to make the position of district attorney full time, those resulting county employees are no longer to be accorded the benefits of the county retirement system; rather, the county must pay them pension benefits equivalent to those paid to state employed judges. I cannot agree that this conclusion is properly drawn; indeed, I can find nothing in section 1401(g) which would convert a full time district attorney's entitlement to county retirement benefits into an entitlement to state retirement benefits.

On the contrary, I believe we must be governed by the fact, properly stated by the majority, that full time district attorneys are county employees, belonging to the County Retirement System with pension benefits determined by the terms of the County Pension Law. On the other hand, judges are state employees and members of the State Employees Retirement System. Section 1401(g), in discussing the compensation due full time district attorneys, did not confer state employee status upon an elected county official. A full time district attorney is a county employee: nothing more and nothing less; we cannot lose sight of this fact in applying the Statutory Construction Act to the language in that section.

In the absence of legislation that confers state employee status upon an elected county employee, and in the absence of legislation that would enable members of the Board to increase benefits to a full time district attorney beyond those set by the County Pension Law, the interpretation of section 1401(g) advocated by appellant is ungrounded.

Accordingly, I believe that in enacting section 1401(g), the legislature intended that the total compensation due a full time district attorney in third through eighth class counties should consist of the salary of a common pleas court judge less $1,000, and that this amount should form the basis upon which the Board must calculate the district attorney's *county* pension, which forms the rest of his compensation package.

---

**2.** For this reason, unlike the majority, I do not believe it is necessary to distinguish the cases cited by appellant. In fact, I disagree with the majority's statement that the focus of the inquiry in those cases *"precludes* the inference that a widely applicable definition of the term 'compensation' as found in section 1401(g) of the County Code would encompass pension benefits." (Majority op. at 1193.) (Emphasis added.) On the contrary, where section 1401(g) deals only with full time district attorneys, who are entitled to membership in the County Retirement System, I believe that the legislature intended the term "compensation" to include pension benefits.

Based on this reasoning, I would affirm the trial court's order here.