J. Michael EAKIN, Appellant,

v.

Earl R. KELLER, Nancy A. Besch, and Marcia L. Myers, Commissioners of Cumberland County, and Alfred L. Whitcomb, Controller of Cumberland County.

Commonwealth Court of Pennsylvania.

Argued May 15, 1996.

Decided Aug. 21, 1996.

Hubert X. Gilroy, for Appellant.

Andrew C. Sheely, for Appellee, Alfred Whitcomb.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

COLINS, President Judge.

The prime issue before the Court is the effect that Article III, Section 27 of the Constitution of 1968 has upon a full-time district attorney's claim to increased compensation during his term of office. Also, we are asked to determine whether the term "compensation" includes pension benefits. For the reasons set forth below, we reverse in part and affirm in part the order of the common pleas court.

Appellant, formerly the full-time District Attorney of Cumberland County, Michael Eakin, had served in such capacity since June 1989. Cumberland County is a county of the fourth class. During all times pertinent to this action, the district attorney's salary was subject to section 1401(g) of the County Code,[1] which provides that a full-time district attorney shall be compensated at one thousand dollars lower than the compensa-

---

1. Act of August 9, 1955 (County Code), P.L. 323, *as amended,* 16 P.S. § 1401(g).

tion paid to a judge of the court of common pleas in the respective judicial district. Thus, in June 1989, Eakin's salary was $79,-000, the equivalent of one thousand dollars less than a Cumberland County common pleas court judge.[2]

Between 1989 and 1992 two events occurred. First Cumberland County commissioners enacted Ordinance 85-2,[3] which provides a salary adjustment in the form of cost of living increases to county officers, including the district attorney. Subsequently, the commissioners enacted Cumberland County Ordinance 89-1, which provides salary increases to county officers and specifically excludes the district attorney. Second, in December 1992, the annual salary of Cumberland County common pleas court judges was increased to $90,000 pursuant to Section 3581 of the Judicial Code, 42 Pa.C.S. § 3581. Eakin requested that the commissioners and controller continue his salary at $1,000 less than the judges, effectively increasing Eakin's salary to $89,000. The commissioners agreed; however, the controller denied the request. Eakin then filed an action for declaratory judgment in common pleas court seeking clarification of both salary and pension issues.

Cross-motions for summary judgment were filed by Eakin and the controller. Common pleas court granted the controller's summary judgment motion and denied Eakin's, concluding that Eakin was not entitled

to a salary increase or adjustment of pension benefits. Eakin appeals to this Court.[4]

The three issues Eakin presents for review are (1) whether a district attorney is entitled to be compensated at $1,000 less than a judge during his entire term of office; (2) if not, then in the alternative, whether Eakin's salary as district attorney should have been increased annually along with other officials of Cumberland County, pursuant to Section 10.1 of the Act of November 1, 1971, P.L. 495, added by the Act of November 1, 1979, P.L. 246, *as amended,* and applicable county ordinances;[5] (3) whether the pension afforded to a full-time district attorney is to be considered "compensation" for purposes of Section 1401 of the County Code, 16 P.S. § 1401.

Our scope of review is limited to a determination of whether the trial court committed an error of law or abused its discretion in granting the county's motion for summary judgment. *MacElree v. Chester County,* 667 A.2d 1188 (Pa.Cmwlth.1995).

■ The thrust of the common pleas court's opinion is its conclusion that pursuant to Article III, Section 27 of the Constitution, Eakin may not receive any increase in compensation; therefore, regardless of whether the judiciary received an increase in compensation, the district attorney may not benefit from that increase until the beginning of his

2. The matter is before us on stipulated facts detailing that Eakin was elected to a four-year term as part-time district attorney commencing January 1984. He was reelected commencing January 1988. Eakin became a full-time district attorney on June 5, 1989, when the commissioners converted the office to full-time pursuant to Ordinance 89-3 and Section 1401(g) of the County Code, 16 P.S. § 1401(g). Eakin was reelected to a four-year term commencing January 1992.

3. Cumberland County Ordinance 85-2 specifically included the office of district attorney upon its enactment. The ordinance provided that all county officials were to receive cost-of-living salary increases effective 1985.

4. Appellant Eakin, plaintiff below, brought this action against the Cumberland County controller and the Cumberland County commissioners, defendants below. Plaintiff and Defendant control-

ler filed cross-motions for summary judgment. Defendant commissioners filed an answer to the complaint, but no motion for summary judgment.

The common pleas court granted Defendant controller's motion for summary judgment and denied Plaintiff Eakin's motion for summary judgment. However, only Eakin has filed an appeal with this Court. Defendant controller, as verdict winner below, could not and would not appeal the common pleas court's order granting controller's motion for summary judgment. As a result of our disposition of Appellant Eakin's motion for summary judgment, the subsequent order entered by this Court is not an interlocutory order.

5. In light of disposition of Eakin's first issue, the second issue need not be considered.

next four-year term in office. We look first to the Constitution.

Article III, Section 27 provides:

No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment.

It follows then to inquire into the salary of full-time District Attorney Eakin as of June 5, 1989 [6] and January, 1992. Section 1401 of the County Code, 16 P.S. § 1401, in relevant part, provides:

(g) The commissioners of any county may by ordinance fix the services of the district attorney at full time.

When the determination by the county commissioners to require a full-time district attorney becomes effective and operative, he shall be compensated at one thousand dollars ($1,000) lower than the compensation paid to a judge of the court of common pleas in the respective judicial district. It is the legislative intent that all provisions of this subsection requiring full-time service shall be unenforceable until such time as the accompanying salary provisions take effect.

16 P.S. § 1401(g). The pertinent language is that which announces that a full-time district attorney shall be compensated at $1,000 lower than the compensation paid to a Cumberland County common pleas court judge. The compensation rate for all judges of the common pleas court is set out in 42 Pa.C.S. § 3581, and in 1989 that rate was set at the fixed rate of $80,000 per annum. Thus, when Eakin became a full-time district attorney his salary was properly determined to be $79,000 per annum. However, in December 1992,[7] salaries of judges increased to $90,000 with annual cost-of-living adjustments beginning in January 1994. Despite the change in judicial salaries, Eakin's salary remained the same.

It is Eakin's (hereinafter appellant) contention that the district attorney's salary is not set at a fixed rate. Instead, the salary is determined by a formula that references the rate of compensation paid to common pleas court judges (hereinafter court). Therefore, argues appellant, when the court receives an increase in salary so should the district attorney. Appellant asserts the formula is neither increased nor decreased, therefore, an adjustment to his salary is not violative of Article III, Section 27 of the Constitution. County argues that adoption of appellant's argument is constitutionally impermissible. We disagree and reject the county's reliance on *Bakes v. Snyder,* 486 Pa. 80, 403 A.2d 1307 (1979), because it is not applicable to the issue set forth above.

■ Instead, we look to the general principle that statutes or parts of statutes are *in pari materia* when they relate to the same classes of things. *Robinson v. County of Snyder,* 664 A.2d 652 (Pa.Cmwlth.1995) (*citing Hutskow v. Washowich,* 156 Pa.Cmwlth. 655, 628 A.2d 1202 (1993)). Here, the Judicial Code is the tie that binds the salary of full-time district attorneys to the salary of judges. The language of Article III, Section 27 directs that no law shall increase or diminish the salary of a public officer after his election or appointment to office. What the legislature did here was change the salary of judges. This change had a corollary effect on the salary of full-time district attorneys; however, the change in Judicial Code was in no way a change in the formula used to determine the rate of compensation of a full-time district attorney. Thus, there was no change in the law governing the salary of full-time district attorneys and there is no Constitutional impediment to the adjustment in appellant's salary. Based on the foregoing, we conclude the common pleas court committed an error of law in finding that appellant was not entitled to an adjustment in his salary.

---

**6.** Eakin was appointed to the position of full-time district attorney on this date.

**7.** Eakin took office in January 1992. The amendment to the Judicial Code occurred in December 1992. Thus, the salary of common

■ The last issue[8] for review questions whether the term compensation includes pension benefits. This is not a novel issue and was most recently addressed by this Court in *MacElree*.

*MacElree* reviewed the term compensation and concluded that district attorneys are not entitled to pension benefits commensurate with the benefits afforded to judges under the State Employees' Retirement Code, 71 Pa.C.S. § 5101–5956. Thus, the common pleas court concluded the term "compensation" does not include pension benefits. We agree. Since the matter herein does not differ from the factual matrix of *MacElree*, we affirm that part of the common pleas court's order holding that appellant is not entitled to an adjustment in his rate of compensation.

Accordingly, the order of the common pleas court denying appellant's motion for summary judgment is reversed insofar as the order denies appellant a salary adjustment; the order of common pleas court is affirmed insofar as the order denies appellant a pension adjustment.

### ORDER

AND NOW, this 21st day of August, 1996, the order of the Court of Common Pleas of Cumberland County in the above-captioned matter is reversed insofar as the order denies appellant a salary adjustment; the order of the Court of Common Pleas of Cumberland County is affirmed insofar as the order denies appellant a pension adjustment.

---

pleas court judges was increased after Eakin took office.

8. Disposition of issue two is discussed in footnote 5.